BAILES, Judge.
The question presented for determination in this appeal is, does LSA-C.C. Art. 2315, as now amended, grant a right of action to a mother, illegitimate children and a concubine to sue for damages for the alleged wrongful death of the son, father and concubinary, respectively, when such deceased person is survived by a lawful wife and legitimate children. The mother, two illegitimate children and concubine of Robert Whatley instituted this action against defendants to recover in their own right under the provisions of LSA-C.C. Art. 2315 for the death of Robert Whatley.
The defendants filed an exception of no right or cause of action to the demands. asserted by plaintiffs. The trial court sustained the exception of no right of action, *439 and dismissed their suit. From this judgment of dismissal, plaintiffs appealed.
The eminent and learned trial jurist assigned written reason for judgment, and therein all issues presented are fully discussed and determined. We take the liberty of adopting his reasons for judgment as the opinion of this court which we herein ■quote in full:
“The question raised by the exception of no right or cause of action under consideration is whether the mother, the illegitimate children and their mother, of a decedent who met his death in an allegedly wrongful manner can bring an action under L.S.A.-C.C. Article 2315 for their own, personal damages flowing from the death.
“The plaintiffs are Albirtha Whatley, the mother of Robert Whatley, the decedent, Denise Marie Whatley and Debra Ann Whatley, his illegitimate minor children, and Eunice Larry, their mother.
“They claim damages for the loss of love, affection, companionship and support of the decedent in the amount of $100,000.-00 for his mother and the mother of his illegitimate children and $124,800.00 for the said children against the defendants for their negligence in causing the death of the decedent when a limb from a large oak tree fell upon him and killed him.
“It is not disputed that Robert Whatley left a lawful wife and two legitimate children.
“The exception filed by the defendants is based on the contention that the right to bring the action for Whatley’s wrongful death is vested in them exclusively under the provisions of the said Article 2315.
"L.S.A.-C.C. 2315 provides as follows :
“ ‘Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community right of the surviving spouse. ■
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the deceased, or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, . or parent surviving. The survivors in whose favor this. right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs, whether suit has been instituted thereon by the survivor or not.
As used in this article, the words “child”, “brother”, “sister”, “father”, and “mother” include a child, brother, sister, father, and mother, by adoption, respectively.’
“In spite of the provisions that follow the first paragraph of the Article, the plaintiffs contend that under the first paragraph they have a right to bring this action because they have been damaged by Whatley’s death, and it was caused by the negligence of the defendants.
“They claim that everyone who suffers a loss through the wrongful death of another has a right under this first paragraph to recover their loss.
“This contention is clearly erroneous.
*440 “That provision of Article 2315, when it stood alone, did not give an action for wrongful death. This rule is illustrated in the case of Vredenburg et al vs. Behan et al, 33 La.Ann. 627 (1881).
“There, our Supreme Court said:
“ ‘7. There is, however, a grave error shown by the record, and to the prejudice of the defendants, and which, doubtless, had an important bearing on the verdict of the jury, which must be corrected.
It is this: that in his charge to the jury the judge a quo announced “that damages can be claimed by the heirs of the deceased for the loss of his life,” to which the defendants’ counsel reserved a bill. This was clearly erroneous, as shown by frequent adjudications of this Court, which in effect declare “that an action for damages caused by the killing of a human being cannot be maintained.”
Hubgh vs. N.O. & Carrollton R.R. Company, 6 An. 495.
Earhart vs. Carrollton R.R. Co., 17 An. [243] 244.
Frank vs. Same, 20 An. [25] 26.
McCubbin vs. Hastings, 27 An. 716.’
“When the provisions of Article 2315 became part of our law, it contained only the first paragraph. Our Courts repeatedly and uniformly held that the provision did not create a right of action in favor of the survivors of a decedent either for the decedent’s pain and suffering, nor for the personal claims of the survivors on account of the death. The action abated with the death of the injured person.
“The first amendment only passed on to the decedent’s close survivors the right of action for his injuries that he would have had had he not died.
“It was not until the year 1884 that the provisions of the Article were extended to grant to the survivors a personal action for their damages on account of the wrongful death. The provisions classify these survivors and establish priorities among them. Our Courts have uniformly held that only the survivors named may bring the action and those of higher priority exclude all the others.
“This history of the Article is told by Chief Justice O’Neill in the case of Reed vs. Warren, 172 La. 1082, 136 So. 59', (1931) in the following language:
‘Under the article as originally enacted, which was article 16 of title 4, book 3 of the Digest of 1808, and which became article 2294 of the Civil Code of 1825, an action for damages for personal injuries abated on the death of the person injured.
yfc ‡ 4c • 4c 4*
As thus amended (1855) the article was adopted as article 2315 of the Civil Code in the revision of 1870. Even then, the article gave a right of action, to the survivors mentioned, for only such suffering as the injured person had endured, and gave no right of action for any loss or injury suffered by a surviving relation, by the death of a person fatally injured.
4* 4* * * 4*
It was by Act No. 71 of 1884 that the article was amended so as to give to the survivors therein mentioned a right of action for the damages suffered by them by the death of the person fatally injured through the fault of another.’
“The history and the reason for the amendment of 1884, which granted close survivors the right to claim damages for their sufferings is also clearly stated by our Supreme Court in the case of Van Amburg vs. Vicksburg, Shreveport & Pacific Railroad Company, 37 La.Ann. 650, (1885) as follows:
“ ‘The second item of damage cannot be considered. Legislation and juris *441 prudence have combined to perpetuate the extraordinary doctrine that the life of a free man cannot he made the subject of valuation, and under the domination of that dogmatic utterance, made earlier than the Roman Digest, reproduced therein, and echoed by the courts of all countries from then till now, the singular spectacle has been witnessed of courts sanctioning damages for short-lived pains and refusing them for a long-life sorrow and the pecuniary losses consequent upon the death of one from whom was derived support, comfort and even the necessary stays of life. Legislation has at last come to the relief of future sufferers. The Act of 1884 applies the remedy that the public conscience has long demanded, but it has missed application of this case only by a few days. That Act was approved July 10th and took effect in Bossier on the 30th. The accident and death occurred on the 25th of that month.’
“Plaintiffs therefore cannot proceed under the first paragraph of the Article as they contend. The right to so proceed is regulated by the other provisions of Article 2315 which have become parts of it by legislative enactments. The persons therein named are the only ones who may maintain an action for wrongful death. All others are excluded.
“In the case of Walton et al vs. Booth, 34 La.Ann. 913, (1882) our Supreme Court held:
‘The exception was properly overruled. The right of action which plaintiffs’ daughter would have been entitled to exercise, if she had not died, did not survive in favor of her husband, but in favor of her father and mother. Such a right accrued only in favor of the minor issue, the widow, the father and the mother, as regulated by the Code. Those not included are excluded. Article 2315 of the R.C.C., appears quite clear in this particular, and cannot be construed so as to confer the right upon persons not expressly mentioned in it. In the absence of the amendment made to the original Article 2294 of the Code of 1825, no right of action would exist at all.’
“It is no longer open to argument that a wrongful death gives rise to only one action, for the suffering of the deceased and of his survivors. There are many cases so holding; two of which are: Burthelong vs. Huber, La.App., 4 So.2d 480, (1941) and Harris vs. Lumbermen’s Mutual Casualty Co. et al, La.App., 48 So. 2d 728 (1950).
“Our Courts also held that all of the survivors entitled to bring an action for a wrongful death must join as plaintiffs in the action. Should one refuse to join, he may be ruled into Court and compelled to do so or be foreclosed. See Reed vs. Warren, supra.
“Of course, these rules are as they should be. Were it otherwise, and as the plaintiffs contend, all of the friends ad infinitum of a person who met wrongful death would have a right of action for their respective losses of his companionship, association, or from business. The extent of these losses would vary from person to person according to the number of friends and associations he had. It would not be possible to compel them to group their claim for no one would know exactly who they are. A defendant would be met by a multiplicity of suits and the act of defending them alone would be a very great burden.
“Not only that, but the situation would be created where strangers would have the right to institute their actions while survivors, such as the parents and the brothers and sisters of the decedent would be deprived of it. This is so because they would be excluded under the provisions of Article 2315 if the decedent left a spouse and children. Further, if the parents, the brothers and sisters, would have the right to in *442 stitute the action'under the first paragraph of the Article, it would not be necessary to tame them in the amendments.
“For these reasons, the exception of no right of action is well taken and must be sustained.”
For the foregoing reasons, the judgment of the trial court is affirmed, at appellants’ costs.
Affirmed.