ELLIS, Judge.
This suit is brought by Joseph V. Lopi-paro, Sr., and his wife, for the wrongful death of their son, Joseph V. Lopiparo, Jr., who died in an automobile accident in Tangipahoa Parish, Louisiana, on October 8, 1965. To the petition, defendants filed a number of exceptions and a motion for summary judgment supported by a number of documents and affidavits. After a hearing, the district judge maintained a motion for summary judgment and sustained an exception of no cause of action and dismissed plaintiff’s suit. From the judgment of dismissal, plaintiffs bring this appeal.
The operative facts of the case, as developed by the pleadings, documents and affidavits, are as follows: Joseph V. Lopiparo, Jr. died of injuries received in the accident on October 8, 1965. His wife, Adra Ruth Marshall Lopiparo, was a passenger in his car when the accident happened, and she died of injuries received in the accident on October 14, 1965.
There was no issue of the marriage between the decedents. Lopiparo was survived by his parents, the plaintiffs herein. Mrs. Lopiparo was survived by her parents, Mr. and Mrs. Frank Marshall.
The district judge based his decision on the provisions of Article 2315 relative to the survivorship of the action for wrongful death. That article provides specifically that, with the exception of the right to recover damages to property, the right to recover other damages survives in favor of the surviving spouse of the decedent and of the parents if he left no spouse surviving him. It further provides that the right to recover damages is a property right which, on the death of the survivor, is inherited by his heirs.
Article 2315 permits the survivor to recover the damages suffered by the injured person, and his own damages, but permits no other person this cause of action.
*355 Under those very clear provisions, it is apparent that the right of action for wrongful death survived to Adra Ruth Marshall Lopiparo upon the death of her husband. Upon her subsequent death, it was inherited by her heirs, who, under the undisputed facts of this case, are her parents Frank and Ruth Marshall.
Plaintiff advances the argument that the parents of a decedent are entitled to recover in their own right under the first paragraph of Article 2315 whether the decedent is survived by a spouse and children or not. This argument was considered by this Court in the case of Whatley v. Dupuy, 178 So.2d 438 (La.App. 1 Cir. 1965). In that case, the history of the wrongful death action was gone into thoroughly, and plaintiffs’ argument was rejected by the Court. We consider th.e point to be settled.
Plaintiffs also attempt to recover under the succession articles of the Code. We find this argument to be without merit. As pointed out in the Whatley case, supra, the wrongful death action exists in this State only because of the provisions of Article 2315, and can be governed only thereby.
For the same reasons, we do not find the provisions of the Constitution relative to forced heirship applicable in this case, and find plaintiff’s argument in that regard to be without merit.
Plaintiffs further claim that they have the right to collect from defendants herein amounts expended by them for the funeral of their son. This is a claim for damages arising out of the wrongful death of their son, and as such does not survive to them under the provisions of Article 2315.
We find that the judgment of the district court is correct, and it is affirmed, with all costs to be paid by plaintiffs.
Affirmed.