The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Edward D. ROSARIO, Defendant-Appellant.

Crim. No. 73–67.

District Court of Guam, Appellate Division.

March 12, 1969.

John P. Raker, Island Atty., Agana, Guam, for plaintiff-appellee.

Before PAUL D. SHRIVER, Judge, District Court of Guam, JOAQUIN C. PEREZ, Judge, Island Court of Guam, ROBERT K. SHOECRAFT, Chief Justice, High Court of the Trust Territory of the Pacific Islands.

SHOECRAFT, Chief Justice.

This is an appeal from the Island Court of Guam, in which Court Edward D. Rosario, hereinafter called the defendant, was convicted on May 15, 1967, of the charge of petty theft, in violation of Section 484 of the Penal Code of Guam, and of the charge of contributing to the delinquency of a minor, in violation of Section 273a of the Penal Code of Guam. On the first mentioned charge, defendant was sentenced to a jail term of one year, and on the charge of contributing to the delinquency of a minor, defendant was sentenced to a jail term of two months, to be served concurrently with the first mentioned sentence.

Of several assignments of error, the two which are basic to this appeal are essentially:

1. That the evidence does not support the findings of the Trial Court beyond a reasonable doubt.

2. That the Island Court of Guam was without jurisdiction to try the defendant for violation of Section 273a, Contributing to the Delinquency of a Minor.

Section 273a of the Penal Code of Guam was amended by Public Law 9–8, approved on February 20, 1967, and now reads as follows:

"Section 273a. Contributing. Any person who commits any acts or omits the performance of any duty, which act or omission causes or tends to cause or encourage a child to become in need of the care and protection of the Juvenile Court, shall be guilty of misdemeanor, may be tried for such offense in the Juvenile Court, and upon conviction may be punished by a

Finton J. Phelan, Jr., Agana, Guam, for defendant-appellant.

fine not exceeding $500, or by imprisonment not exceeding one year, or by both such fine and imprisonment."

The evidence shows that on March 18, 1967, in the early afternoon the chief witness for the prosecution went to Ipao Beach, accompanied by her husband and three children. While there she heard a vehicle stop not far from where she was sitting and also heard someone call out. Upon turning around she saw a little boy grab her pocketbook and run toward a blue truck. At the trial, the witness stated that she knew the license plate number of the truck, and also identified a photograph of said truck. She testified that the little boy, who appeared to be between ten and twelve years of age, jumped into the truck and that the truck pulled away very quickly. She further testified that the truck was being driven by someone other than the boy who had taken her pocketbook, and that her pocketbook had contained $215.00 in cash and other personal property.

Testimony of the other witnesses was that the defendant, an adult, accompanied by three boys, one of which was twelve years of age and another sixteen years of age, (the age of the third boy does not appear in the transcript of the trial) went in a truck owned by the father of the three boys and being driven by one of the boys, to Ipao Beach. While there, the youngest boy, Anthony, took the subject purse and jumped into the truck where the defendant, Edward D. Rosario, was sitting in the front seat. The defendant and the three boys proceeded to Harmon Field where the defendant opened the purse, distributed the money between himself and the three boys and threw the purse away. Later, after being apprehended by the police, defendant voluntarily directed the police to the vicinity of where the purse was thrown away, the purse was found, and the defendant identified it. Testimony of the youngest boy, Anthony, was that the defendant told him to take the purse.

■■ This Court has repeatedly held that we will not disturb the findings of the lower court if there is credible evidence to support the judgment. Pangelinan v. Government of Guam, Appeal No. CR. 33–A(1965). In this case we have no doubt as to the correctness of the trial court's judgment on both counts of the information. It is clear from the evidence that the defendant did participate in the commission of the offense and that his participation was in furtherance of the offense.

■■ As to defendant's contention that the Island Court of Guam was without jurisdiction to try the defendant for violation of Section 273a, defendant takes the position that Section 266 of the Code of Civil Procedure of Guam places exclusive jurisdiction in the Juvenile Court. Section 266 reads as follows:

"Jurisdiction over adults. The court shall have original jurisdiction to try any adult with a violation of Section 273(a) of the Penal Code of Guam."

We are of the opinion that the rule to be applied in this case is the rule which is constantly applied to ordinary acts of legislation, in which the grant of jurisdiction over a certain subject matter to one court does not, of itself, imply that that jurisdiction is to be exclusive. Bors v. Preston, 111 U.S. 252, 4 S.Ct. 407, 409, 28 L.Ed. 419. The phrase "original jurisdiction" means the power to entertain cases in the first instance as distinguished from appellate jurisdiction, and does not mean exclusive jurisdiction. Burks v. Walker, 25 Okl. 353, 109 P. 544, 545. If the Legislature had intended such jurisdiction to be exclusive, it would have said so. By its use of the word "original" we must conclude that the Juvenile Court's jurisdiction over adults is concurrent with that of the Island Court of Guam.

The judgment of the trial court is affirmed.