469 P.2d 92

Wilfred G. BARRAGAN, individually and as Guardian of the Persons and Estates of Trina Liz, Edward, Carmen, Chuy Wilfred and Gloria Barragan, minors, and as Administrator of the Estates of Jesus Barragan, Deceased, and Delia Licon Barragan, Deceased, Petitioner,

v.

The SUPERIOR COURT of Arizona, PIMA COUNTY, Alice Truman, a Judge thereof; and Trinidad B. Acosta, Respondents.

No. 2 CA–CIV 825.

Court of Appeals of Arizona,
Division 2.

May 8, 1970.

Supplemental Opinion on Rehearing
June 29, 1970.

See 470 P.2d 722.

————◆————

Chandler, Tullar, Udall & Richmond, by Robert S. Tullar, Tucson, for petitioner.

William T. Healy, Tucson, for respondent Acosta.

HOWARD, Chief Judge.

The subject petition for special action challenges the propriety of the trial court's denial of petitioner's[1] motion to substitute him as the party plaintiff in a pending superior court action. The appellate court of this state, when circumstances of the case warrant it, may review interlocutory non-appealable orders to prevent wasted judicial effort. Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764 (1958); Phelps Dodge Corporation v. Superior Court, 7 Ariz.App. 277, 438 P.2d 424 (1968); Industrial Commission v. Superior Court, 5 Ariz.App. 100, 423 P.2d 375 (1967).

The essential facts, which are not disputed, are as follows: On or about May 11, 1968, Delia Barragan was killed near Bowie, Arizona, as a result of a collision between the vehicle she was driving and another. Her husband, Jesus Barragan, a passenger in the car, was seriously injured as a result of the accident and subsequently died on July 29, 1969. The Barragans were domiciliaries of the State of Texas and the parents of five minor children.

In January, 1969, a complaint was filed in Pima County Superior Court by the attorney for respondent Acosta,[2] seeking damages from the named defendants for the injuries sustained by Jesus and for the wrongful death of Delia. The caption of the complaint reads as follows:

"JESUS BARRAGAN, by Trinidad B. Acosta, Guardian of the Person and Estate of the said Jesus Barragan; as Administrator of the Estate of DELIA BARRAGAN, deceased, individually and on behalf of GLORIA, JESUS, JR., CARMEN, EDWARD and TRINA, the minor children of DELIA BARRAGAN AND TRINIDAD B. ACOSTA, Guardian of the Estate of JESUS BARRAGAN, an adult ward, for the wrongful death of DELIA BARRAGAN,

Plaintiffs,

vs.

U-HAUL CO., a foreign corporation, ARCOA, INC., an Arizona corporation, JOHN DOE SABAN, doing business as SABAN'S U-HAUL RENTALS, THE U-HAUL TRAILER CORPORATION.,

Defendants."

On September 22, 1969, petitioner filed a motion for substitution of parties, i. e., substitution of himself, individually, as temporary administrator of the Estates of Jesus and Delia Barragan, deceased, and as temporary guardian of the persons and estates of the decedents' minor children. He additionally requested leave, if substitution was granted, to file an amended complaint to assert a claim for the death of Jesus Barragan.

The trial court was presented with evidence of petitioner's appointment in Texas as temporary administrator of the decedents' estates and temporary guardian of the persons and estates of the minor children of the decedents; also, the appointment of Trinidad B. Acosta, sister of Jesus Barragan, as temporary guardian of his estate.

The sole question to be resolved is whether the trial court erred in refusing to substitute the petitioner as plaintiff in the pending lawsuit when it was established

1. The petitioner is the father of Jesus Barragan, deceased, and the grandfather of the decedents' minor children.

2. Trinidad B. Acosta, sister of Jesus, was appointed temporary guardian of the estate of Jesus on June 17, 1968, by the County Court of El Paso County, Texas.

that Jesus Barragan had died. This suit was brought to recover for the personal injuries sustained by Jesus Barragan and for the wrongful death of Delia Barragan. A.R.S. § 12–612 provides in part:

"A. An action for wrongful death *shall be brought by and in the name of the surviving husband or wife or personal representative* of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate." [Emphasis supplied.]

Jesus, therefore, as surviving spouse of Delia, was an authorized party plaintiff to sue on behalf of himself and the minor children for her wrongful death.

Jesus having died, we need not concern ourselves with the question of whether Trinidad Acosta, a foreign guardian appointed by the Texas court, could maintain a suit for Jesus' injuries in this jurisdiction. The general rule appears to be that a foreign guardian may not maintain such suit in a representative capacity without obtaining letters of guardianship in the forum state. See 39 C.J.S. Guardian and Ward §§ 186, 190. Jesus' death terminated the guardianship and concomitantly, the powers and duties of Trinidad Acosta. 39 C.J.S. Guardian and Ward § 41; 39 Am. Jur.2d Guardian and Ward § 54; See also Annotation 60 A.L.R.2d 964.

In other jurisdictions, it is recognized that two separate and distinct actions may arise where injuries are wrongfully inflicted and death subsequently results therefrom—i. e., (1) a claim for damages in favor of the decedent and his estate under a survival statute analogous to our A.R.S. § 14–477, 6 A.R.S., and (2) a claim conferred by wrongful death statutes for damages to the survivors. See e. g. Hale v. Hale, 426 P.2d 681 (Okl.1967); Landers v. B. F. Goodrich Company, 369 S.W.2d 33 (Tex. 1963); Grant v. McAuliffe, 41 Cal.2d 859, 264 P.2d 944, 42 A.L.R.2d 1162 (1953); Martin v. Swift, 258 F.2d 797 (3rd Cir. 1958). In this jurisdiction, however, our Supreme Court has stated:

"Some states permit survival of such actions [personal injury], but in this state the legislature has substituted a different remedy—namely a new action [wrongful death] * * *." Quintero v. Continental Rent-A-Car System, Inc., 105 Ariz. 135, 460 P.2d 189, 190 (1969).

The petitioner's *motion to substitute* him as party plaintiff was supported by his affidavit setting forth, inter alia, the fact of his appointment as temporary administrator of the estates of Jesus Barragan and Delia Barragan, deceased, and that Delia and Jesus, domiciliaries of Texas, had died, the former in 1968 and the latter in 1969.

 A right of action for wrongful death is purely statutory and the action must be brought in the names of the persons to whom the right is given by statute. Fuentes v. Tucker, 31 Cal.2d 1, 187 P.2d 752 (1947); Nelms v. Bright, 299 S.W.2d 483 (Mo.1957); Whatley v. Dupuy, 178 So. 2d 438 (La.App.1965). As previously indicated, Jesus Barragan was a *proper party* plaintiff to maintain an action for the wrongful death of his deceased spouse, Delia. Upon his death, however, Rule 25(a) (1), as amended, Arizona Rules of Civil Procedure, 16 A.R.S., came into play:

"If a party dies and the claim is not thereby extinguished, the court may order substitution of the *proper parties*. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." [Emphasis added.]

 The fact of Jesus' death was suggested upon the record simultaneously with the presentation of the motion to substitute.

Therefore, there is no question as to the timeliness of the motion. Since petitioner was a proper party, under the wrongful death statute, to maintain an action for Delia's wrongful death, he appropriately sought substitution, pursuant to Rule 25(a)(1), supra, of himself in place of the deceased plaintiff. Furthermore, there being no surviving spouse to maintain an action for the wrongful death of Jesus, the petitioner, as his personal representative, was a proper party to maintain the action which, under *Quintero*, supra, is substituted for the pending personal injury action.

The fact that the petitioner was appointed in a jurisdiction other than Arizona is no impediment. As a general rule, in the absence of a statute permitting it, an administrator's authority to sue is limited to the state of his appointment. Restatement, Conflict of Laws § 507. A.R.S. § 12–612, subsec. D, however, specifically provides:

> "The term 'personal representative' as used in this section shall include any person to whom letters testamentary or of administration are granted by competent authority under the laws of this or any other state. The action for wrongful death may be maintained by any such personal representative without issuance of further letters, or other requirement or authorization of law."

It is true that petitioner was appointed only as temporary administrator of Jesus' and Delia's estates, but the term "personal representative" in the wrongful death statute is broad enough to include a temporary administrator. Nevada Paving, Inc. v. Callahan, 83 Nev. 208, 427 P.2d 383 (1967); Kyes v. Pennsylvania R. Co., 158 Ohio St. 362, 109 N.E.2d 503 (1952); Henkel v. Hood, 49 N.M. 45, 156 P.2d 790 (1945). Furthermore, whether or not the petitioner was authorized by the appointing state, Texas, to maintain a wrongful death action is of no consequence. His power pertaining thereto flows from the wrongful death statute of Arizona rather than the probate laws of Texas or Arizona and,

therefore, is not to be tested by the authority conferred on him by the appointing state to administer the estate herein. Henkel v. Hood, supra.

We conclude that the trial court erred in denying the petitioner's motion to be substituted as the plaintiff in the action for Delia's wrongful death. Additionally, the petitioner should have been permitted as personal representative of the Estate of Jesus Barragan, deceased, to maintain an action for the wrongful death of Jesus on behalf of the statutory beneficiaries. Accordingly, the petition for relief is granted and the trial court is directed to enter an appropriate order in conformity herewith.

HATHAWAY, J., and JACK G. MARKS, Judge of Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.