480 P.2d 988

**ARIZONA CORPORATION COMMISSION: Dick Herbert, Charles H. Garland and Russell Williams, as Members of Said Commission, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, and Fred J. Hyder, a Judge thereof; ARIZONA WATER COMPANY, an Arizona Corporation, real party in Interest, Respondents.**

No. 10259.

Supreme Court of Arizona, In Banc. Feb. 25, 1971.

Gary K. Nelson, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., Phoenix, for petitioners.

Fennemore, Craig, von Ammon & Udall, by Kent A. Blake, Phoenix, for real party in interest.

HAYS, Vice Chief Justice.

The Arizona Corporation Commission (hereinafter referred to as Commission or petitioner), after notice and hearing, issued Decision No. 40890 establishing interim rates to be charged in certain divisions or water service areas of the respondent Arizona Water Company (hereinafter referred to as Company). The Company filed a special action proceeding in the superior court seeking to have Decision No. 40890 set aside. Respondent court granted an Interlocutory Stay of Proceedings preventing Decision No. 40890 from becoming effective pending the outcome of the special action in superior court. Respondent court denied the Commission's motion to dismiss; however, trial of the matter was continued to allow the Commission to seek special action relief from this court.

█ The main issue in this matter is whether a rate-making decision of the Arizona Corporation Commission is subject to judicial review by special action in the nature of certiorari in the superior court. Before considering this issue, however, it is necessary to determine if the special action proceedings filed in the superior court should have been filed in the Supreme Court since the Supreme Court has original jurisdiction of extraordinary writs to state officers. *See* Ariz.Const., Art. 6, § 5, A.R.S.

Article 6, § 5 of the Arizona Constitution provides in part that the Supreme Court shall have:

"1. Original jurisdiction of habeas corpus, and quo warranto, mandamus, injunction and other extraordinary writs to state officers.

2. Original and exclusive jurisdiction to hear and determine causes between counties concerning disputed boundaries and surveys thereof or concerning claims of one county against another."

The court in People of Territory of Guam v. Rosario, 296 F.Supp. 140 (D.C.Guam 1969) in discussing the meaning of "original" jurisdiction had the following to say:

"We are of the opinion that the rule to be applied in this case is the rule which is constantly applied to ordinary acts of legislation, in which the grant of jurisdiction over a certain subject matter to one court does not, of itself, imply that jurisdiction is to be exclusive. Bors v. Preston, 111 U.S. 252, 4 S.Ct. 407, 409, 28 L.Ed. 419. The phrase 'original jurisdiction' means the power to entertain cases in the first instance as distinguished from appellate jurisdiction, and does not mean exclusive jurisdiction. Burks v. Walker, 25 Okl. 353, 109 P. 544, 545. If the Legislature had intended such jurisdiction to be exclusive, it would have said so." 296 F.Supp. at page 142.

In view of the fact that paragraph number one of section five speaks of original jurisdiction and paragraph number two speaks of original and exclusive jurisdiction it is apparent to this court that the drafters of the Constitution were aware of the distinc-

tion discussed in *Rosario*. We conclude, therefore, that the jurisdiction of the Supreme Court over extraordinary writs to state officers is not exclusive but concurrent with that of the superior court.

We must now proceed with the determination of whether or not rate-making orders of the Arizona Corporation Commission are subject to judicial review by special action in the superior court. In Faulkner v. Board of Supervisors, 17 Ariz. 139, 149 P. 382 (1915) this court recognized that a writ of certiorari "cannot be used to review the actions of inferior tribunals, boards or officers, in the exercise of legislative, executive or ministerial functions. It is confined to a review of judicial action * * *." 17 Ariz. at page 143, 149 P. at page 383. The determination of the issue in the instant case centers around the question of whether the Commission is exercising a legislative function or a judicial function when it issues a rate-making order. If it is a legislative function then special action is not available for review; however, if it is a judicial function then special action is available for review.

The Arizona Corporation Commission is provided for by Article XV of the Arizona Constitution. Article XV of Arizona's Constitution is unique in that no other state has given its commission the extensive power and jurisdiction that the Arizona Corporation Commission possesses. State v. Tucson Gas, Electric Light & Power Co., 15 Ariz. 294, 138 P. 781 (1914). Speaking of the Commission in *Tucson Gas* we noted that the Commission was empowered to exercise not only legislative but also judicial, administrative and executive functions of government. The court went on to say that "[w]hile it is not so named, it is, in fact, another department of government, with powers and duties as well defined as any branch of the government, and where it is given exclusive power it is supreme. Its exclusive field may not be invaded by either the courts, the legislative or executive." 15 Ariz. at page 306, 138 P. at page 786.

■ The Commission is authorized by Article XV, Section 3 of the Constitution to fix just and reasonable rates. Article XV, Section 3 provides:

"Section 3. The Corporation Commission shall have full power to, and shall, prescribe just and reasonable classifications to be used and just and reasonable rates and charges to be made and collected, by public service corporations within the State for service rendered therein, and make reasonable rules, regulations, and orders, by which such corporations shall be governed in the transaction of business within the State * * *."

In exercising this rate-making power the Commission has a "range of legislative discretion and so long as that discretion is not abused, the court cannot substitute its judgment as to what is fair value or a just and reasonable rate." Simms v. Round Valley Light & Power Co., 80 Ariz. 145, 154, 294 P.2d 378, 384 (1956). It is apparent from *Simms*, that the right of the courts to review the rate-making of the Commission is not now in question as long as the review is limited to whether the findings and conclusion of the Commission are supported by substantial evidence and are not arbitrary or otherwise unlawful.

■ The general rule is that rate-making is legislative in character. *See* 43 Am.Jur, Public Utilities & Services § 85, pages 626–27; 73 C.J.S. Public Utilities § 16, page 1012. The United States Supreme Court in Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 29 S.Ct. 67, 53 L.Ed. 150 (1908) speaking of railway passenger rates as fixed by the Virginia State Corporation Commission, said:

"But we think it equally plain that the proceedings drawn in question here are legislative in their nature, and none the less so that they have taken place with a body which, at another moment, or in its principal or dominant aspect, is a court such as is meant by § 720. A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed

to already exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power. The establishment of a rate is the making of a rule for the future, and therefore is an act legislative, not judicial, in kind * * *." 211 U.S. at page 226, 29 S.Ct. at page 69. The Supreme Court of Virginia in City of Norfolk v. Chesapeake & Potomac Tel. Co., 192 Va. 292, 64 S.E.2d 772, 776 (1951) held that its Corporation Commission "[i]n performing the duties of promulgating and establishing reasonable and just rates and charges for transportation and transmission companies * * * exercises a legislative function." The cases of *Prentis* and *City of Norfolk* are of particular interest in the instant case in view of the fact that Article XV of our Constitution seems to be patterned somewhat after the Virginia Constitution of 1902 and the Oklahoma Constitution. State v. Tucson Gas, Electric Light & Power Co., supra, 15 Ariz. at page 300, 138 P. 781.

█ On several occasions we have allowed certiorari to review decisions of the Commission which did not involve ratemaking. *See, e. g.*, Gibbons v. Arizona Corporation Commission, 95 Ariz. 343, 390 P.2d 582 (1964); Dallas v. Arizona Corporation Commission, 86 Ariz. 345, 346 P.2d 152 (1959); Whitfield Transportation v. Brooks, 81 Ariz. 136, 302 P.2d 526 (1956). However, it is the opinion of this court that special action relief in the superior court is not available to review the ratemaking decisions of the Commission. Article 6, Section 14, Constitution of Arizona. We hold that rate-making is a legislative function and as such is not subject to review by special action writ in the nature of certiorari in the superior court.

█ Respondent argues that special action relief should be available to review rate-making orders of the Commission because the statutory review procedure available under A.R.S. § 40–254 is unconstitutional since it prohibits staying the effect of a Commission order pending review. Since respondent has made no attempt to avail himself of relief under A.R.S. § 40–254 he cannot challenge its constitutionality in this proceeding.

Petitioner's request for special action relief is granted.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.