483 P.2d 561

Ann Veronica JOHNSON, and Edward C. Johnson, her husband, Petitioners,

v.

The SUPERIOR COURT OF MARICOPA COUNTY, and the Honorable Warren L. McCarthy, Respondents;

Natale (Tom) CARBONE and Gene Carbone, his wife, Real Parties In Interest.

No. 1 CA–CIV 1651.

Court of Appeals of Arizona, Division 1, Department A.

April 14, 1971.

Rehearing Denied May 11, 1971.

Review Denied June 15, 1971.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Ralph. E. Hunsaker and Thomas A. McGuire, Jr., Phoenix, for petitioners.

Cox & Cox by Alfred S. Cox, Phoenix, for real parties in interest.

STEVENS, Presiding Judge.

The petitioner, Ann Veronica Johnson, signed an "acceptance of service", signing the same in the State of California. The document was filed in a tort action in Arizona. In the tort action the petitioner urged an absence of jurisdiction over her person. Her contentions were overruled by the respondent Judge and the correctness of this ruling was presented to this Court by a special action. We assume jurisdiction. We grant the relief requested. It is our opinion that the petitioners have no plain, speedy and adequate remedy by appeal and that a special action is an appropriate remedy to test jurisdiction in this matter. Arizona's Rules of Procedure for Special Actions are found in Volume 17 of the Arizona Revised Statutes. There are no hard and fast rules or guidelines as to when an appellate court will exercise its judicial discretion and assume jurisdiction in a special action. By far the greater percentage of special actions which are filed at the appellate level are dismissed after the informal hearing. Examples of the successful utilization of the special action procedure in relation to civil matters can be found in the following recent cases. In Grobe v. McBryde, 105 Ariz. 577, 468 P.2d 936 (1970), Arizona Supreme Court accepted jurisdiction to review a trial court order which denied a motion to dismiss. In Bar-

ragan v. Superior Court, 12 Ariz.App. 200, 469 P.2d 92 (1970), the Court of Appeals stated:

"The appellate court of this state, when circumstances of the case warrant it, may review interlocutory non-appealable orders to prevent wasted judicial effort. (Citations omitted.)" 12 Ariz.App. at 201, 469 P.2d at 93.

On rehearing, Barragan was modified in other particulars, 12 Ariz.App. 402, 470 P.2d 722 (1970).

In Arizona Corporation Commission v. Superior Court, 107 Ariz. 24, 480 P.2d 988 (1971), the Supreme Court reviewed the denial of a motion to dismiss. In Dollar A Day Rent A Car Systems, Inc. v. Superior Court, 107 Ariz. 87, 482 P.2d 454 (1971), the Supreme Court held that a special action was the proper remedy for the review of a denial of a motion for leave to file an amended complaint and to add an additional party.

Hereinafter we will refer to the parties by name or as they are carried in the Superior Court action.

In the Superior Court action Mr. and Mrs. Carbone are the plaintiffs, the action bearing the case number set forth above. They filed their complaint and caused a summons to issue on 25 November 1970.

Therein they alleged that on 10 November 1969, in the State of California, there was an automobile accident in which Mrs. Carbone was injured. They alleged that Mrs. Johnson, through her negligence, caused the accident. The Carbones' Arizona Superior Court action named Mrs. Johnson and her husband as defendants.

The action being transitory, the Arizona Superior Court had jurisdiction provided that the court acquired jurisdiction of the persons of the Johnsons or of Mrs. Johnson.

It is without dispute that Mrs. Johnson was and is a California resident and that the "acceptance of service" took place in the State of California. There is no contention that Mr. Johnson was served with process in connection with the Arizona civil action.

In the Superior Court in Arizona in relation to the matter which we now have under consideration no testimony was offered. The trial court had two documents before it and these documents are before this Court. This Court has the same power to construe and to determine the legal effect of these documents as did the trial court, the matter being a question of law.

In California Mrs. Johnson affixed her signature to the acceptance of service which we quote in full.

"
#### THE SUPERIOR COURT OF ARIZONA
#### MARICOPA COUNTY

| NATALE (TOM) CARBONE and GENE CARBONE, his wife, <br> Plaintiffs, <br> v. <br> ANN VERONICA JOHNSON and JOHN DOE JOHNSON, her husband, <br> Defendants. | No. C242163 <br><br> ACCEPTANCE OF SERVICE |
|---|---|

" I hereby accept personal service of the Summons and Complaint.

/s/ Ann V. Johnson　　　　"
ANN VERONICA JOHNSON

Through her Arizona counsel she filed a Rule 12(b) (2), Rules of Civil Procedure, 16 A.R.S., motion seeking to dismiss the the tort action asserting there was a "lack

of jurisdiction over the person." The other document presented to the trial court was an affidavit in support of her motion. Except for the identification of the notary public, which was not contested, we quote her affidavit in full as follows:

"

## AFFIDAVIT

STATE OF CALIFORNIA ⎤
COUNTY OF SONOMA ⎦ ss.

ANN VERONICA JOHNSON, being first duly sworn upon oath deposes and says:

That I am the defendant in Cause No. C242163 in Maricopa County Superior Court of Arizona.

That I was handed a document to be signed by a person that I did not (know), who indicated to me that it was a receipt; that I did not know what it meant nor understand it, but I certainly did not intend by signing it that I would be subject to a suit in the State of Arizona.

Further affiant sayeth not.

/s/ Ann Veronica Johnson
Ann Veronica Johnson

SUBSCRIBED AND SWORN to before me this 19 day of January, 1971.

/s/ Richard L. Pellascini
Notary Public

My commission expires:
October 3rd 1973       "

———◆———

Arizona's "long-arm statute" is found in Rule 4 of the Rules of Civil Procedure. Mrs. Johnson urges that the Arizona Superior Court could acquire jurisdiction over her person only by compliance with Rule 4. The Carbones urged that Rule 5(e) is applicable. We quote this Rule:

"5(e) Service; acceptance or waiver; voluntary appearance. The defendant may accept service of any process or waive issuance or service thereof, in writing, signed by him or by his authorized agent or attorney, and the acceptance or waiver shall be filed in the action. The defendant may, in person or by attorney, or by his authorized agent, enter an appearance in open court, and the appearance shall be noted by the clerk upon the docket and entered in the minutes. Such waiver, acceptance or appearance shall have the same force and effect as if summons had been issued and served.

The filing of an answer shall constitute an appearance."

We agree with the Carbones that Mrs. Johnson could have executed a valid acceptance of service and could have submitted herself to the jurisdiction of the Arizona Superior Court. The question is whether the record supports the trial court's legal conclusion that she did so.

▇ In the face of Mrs. Johnson's uncontroverted affidavit it is our opinion that her statement that "I hereby accept *personal* service of the Complaint and Summons." (Emphasis Supplied.), meant to her that the complaint and summons had been delivered to her person. The "acceptance of service" does not constitute a knowing and voluntary submission of her person to the jurisdiction of the Arizona Superior Court in the tort litigation.

On the face of the record we must disagree with the legal conclusion reached by the trial judge.

The issuance of the mandate in connection with this opinion will constitute an order quashing the purported service upon Mrs. Johnson and a further order dismissing the complaint.

CASE and DONOFRIO, JJ., concur.