661 P.2d 184

**Wayne GRAHAM, Petitioner,**

v.

**Ernest SALAZAR, Respondent.**

No. H–884.

Supreme Court of Arizona,
En Banc.

March 16, 1983.

Wayne Graham, in pro per.

Robert K. Corbin, Atty. Gen. by Jay R. Adkins, Asst. Atty. Gen., Phoenix, for respondent.

HOLOHAN, Chief Justice.

Petitioner Wayne Graham filed a petition with this court captioned "Petition for Writ of Habeas Corpus". The court has determined that the petition is actually a petition for special action, and the petition will be treated as such. The court accepted jurisdiction of the petition to provide guidance to the lower courts on the issue of waiver of filing fees in the superior court.

Prior to the present petition, petitioner filed in the Superior Court of Pinal County a petition which he designated as a Petition for Writ of Habeas Corpus. The clerk of the superior court returned the petition advising petitioner that his petition was not a proper subject for habeas corpus, and if petitioner wanted to file it as a petition for special action there was a $45.00 filing fee. Petitioner thereafter sought relief in this court by the current petition.

The categories of cases which upon proper showing constitute exceptions to the requirements for paying filing fees in Arizona courts were set forth in *Tahtinen v. Superior Court, Pinal County,* 130 Ariz. 513, 637 P.2d 723 (1981). The exceptions noted in the cited case are appeals from a criminal conviction; habeas corpus petitions challenging the legality of incarceration, and civil actions involving a fundamental right where the state maintains a monopoly over the settlement of a dispute involving that right.

All of the foregoing exceptions, except habeas corpus, require that petitioner establish he or she is indigent and unable to pay the filing fee at the time of filing or within a reasonable time in the future. By statute, A.R.S. § 13–4143, no filing fee is required in habeas corpus proceedings. Whether a petition is properly brought as a habeas corpus is determined by the allegations of the petition and the relief sought and not by the label placed on the petition.

It is incumbent upon the petitioner to establish his or her status as an indigent when a waiver of filing fees is sought. To this end the petitioner must file with the court an affidavit which sets forth his or

her financial resources. This would include funds on deposit in a prisoner's account and available for use and any other assets and liabilities of a petitioner.

■ The petition filed by the petitioner in the superior court was not properly considered a habeas corpus petition. The superior court was willing to accept the petition and treat it as one for special action if the petitioner paid the statutory filing fee. Since the petitioner failed to make any showing of indigency, the action of the superior court in refusing to accept the petition for filing without a filing fee was legally correct, and petitioner is not entitled to relief from this court.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.