**Decided December 20, 1985**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JUAN T. LIZAMA and JESUS T. LIZAMA,

Plaintiffs,

vs.

JOSE S. RIOS, individually and as Mayor of Saipan,

Defendant.

JOSE S. RIOS,

Counter-Claimant,

vs.

JUAN T. LIZAMA, JESUS T. LIZAMA, MARIANAS PUBLIC LAND CORPORATION, ANTONIO R, SABLAN, VICENTE ALDAN, JOSE P, MAFNAS, JOAQUIN A. TENORIO, MARCELINA M. MANGLONA, PEDRO CRUZ, AUGUSTIN M. TAGABUEL, ANICE H. MUNDO, JESUS VILLAGOMEZ, all in their official capacities and individual capacities.

Counter-Defendants.

CIVIL ACTION NO. 85-0011

DECISION

F I L E D
Clerk
District Court

DEC 2 0 1985

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Plaintiffs, Juan T. Lizama and Jesus T. Lizama, brought this suit pursuant to a 42 U.S.C. § 1983 (hereinafter § 1983) alleging that defendant, Jose S. Rios, the Mayor of Saipan, unconstitutionally deprived them of their property without due process of law and under color of law. Rios counterclaimed against the Lizama brothers and third party defendant Marianas

AO 72
(Rev.8/82)

. Public Land Corporation (hereinafter MPLC), a Commonwealth agency, claiming, inter alia, that these parties conspired to deprive him of the opportunity to purchase the land and this was done arbitrarily and capriciously in contravention of his constitutional right to be treated equally. MPLC brings this motion to dismiss Rios' claim against it arguing it cannot be a cross-defendant since it was not a party to the original action. Further, MPLC argues that this Court lacks subject matter jurisdiction over the initial action as well as the counterclaim since 1 CMC § 3102 vests original jurisdiction over all land matters in the Commonwealth Trial Court. For the following reasons MPLC's motion is denied.

This action centers on the disposition of certain real property, Lot 001 D 27, in Garapan, Saipan. Jose S. Rios, the defendant, counterclaimant and third party plaintiff in this action acquired a license on October 14, 1982 to clear, clean and maintain this lot. On July 25, 1984, MPLC quitclaimed the lot to the Lizama brothers and after Rios refused to vacate the property this suit was initiated.

The Lizama brothers brought this action against Rios individually, and as the Mayor of Saipan, alleging that Rios' refusal to leave the property is a taking in violation of the Fifth Amendment to the United States Constitution. Rios counterclaimed against the Lizama brothers alleging that they had conspired with third party defendant MPLC to deny him his property right in Lot 001 D 27 (his license), and further, that

they acted arbitrarily and capriciously in transferring the land to the Lizama brothers without giving notice to the public at large so that everyone would have an equal opportunity to purchase the land.

MPLC's first argument is that since it was not an original party to this action Rios cannot cross-claim against it. Subsequent to the hearing on this matter Rios filed a document clarifying his complaint to read counterclaim, not cross-claim; MPLC's argument will be addressed in this light.

Federal Rule of Civil Procedure 13(a) provides for counterclaims in situations such as this wherein a defendant has a claim against a plaintiff which arises out of the same transaction or occurrence which gave rise to the initial cause of action. Rule 19(a) authorizes joinder of additional parties, MPLC in this case, where necessary to provide complete relief.

The Lizama brothers claim their title to the land, based on the quitclaim deed they received from MPLC, is superior to that of Rios. Rios' response is that the quitclaim deed should be void ab initio because, inter alia, it was granted unlawfully and as the result of a conspiracy between MPLC and the Lizamas. Further, Rios alleges this improper grant is the basis of a constitutional deprivation of his rights entitling him to monetary damages. If Rios is correct and he is entitled to monetary and injunctive relief, the Court will be hard pressed to award this relief without having MPLC joined as a party to this action.

AO 72
(Rev.8/82)

410

In addition, if MPLC acted in concert with the Lizamas to deprive Rios of his right to hold property and be treated equally as Rios alleges, it is a necessary party to any action to redress this wrong. Where a conspiracy is alleged co-conspirators can be joined under Rule 13(h). Aerojet-General Corp. v. Aero-Jet Products ·Corp., 33 F.R.D. 357 (N.D.Ohio. 1963).

MPLC also argues that the Lizamas' cause of action is really a land claim brought under the guise of § 1983 to gain access to the District Court and that since the Commonwealth Trial Court is vested with original jurisdiction in land matters that court would be the proper forum to adjudicate this matter. MPLC is correct in its assertion that the Commonwealth Trial Court has original jurisdiction in all land matters, however, it confuses the term original with exclusive. Original jurisdiction is jurisdiction to entertain cases in the first instance and should be distinguished from appellate jurisdiction, or jurisdiction to review a case that has. already been presented to a lower court. "Original" does not mean "exclusive." People of the Territory of Guam v. Rosario, 296 F.Supp. 140 (D.Guam 1969); DiAntonio v. Pennsylvania State University, 455 F.Supp. 510 (M.D.Penn. 1978); Brown v. Pitchess, 13 Cal.3d 518, 531 P.2d 772, 119 Cal.Rptr. 204 (1975). By describing the Commonwealth Trial Court's jurisdiction in land matters as original the framers must have intended it to be just that. If they "had intended such jurisdiction to be exclusive [they] would have said so." People of the Territory of Guam v. Rosario, 296 F.Supp. at 142.

AO 72
(Rev.8/82)

Moreover, this Court's jurisdiction over the matter is based on the existence of a question of federal law cognizable in this Court pursuant to 28 U.S.C. § 1331 and 48 U.S.C. § 1694(a). It is axiomatic that the local legislature is powerless to deprive this Court of its statutory jurisdiction even if it intended to do so.

Finally, MPLC argues that the pleadings were insufficient to demonstrate a valid § 1983 claim and that in the absence of specific pleadings this case should be dismissed. As authority for this proposition MPLC cites Rodes v. Municipal Authority of Milford, 409 F.2d 16 (3rd Cir. 1969), and Stotnick v. Staviskey, 560 F.2d 31 (1st Cir. 1977). Neither case is on point. Both cases deal with pro se § 1983 petitions in which the plaintiffs reeled off extensive narratives of how they were injured by the actions of certain government officials. The pleadings in this case allege adequate facts which, if substantiated, could rise to the level of constitutional violations. See Maruyama v. MIHA, Civ.No. 82-0066 (D.N.M.I. decision filed May 2, 1985) slip op. at 2-3, citing Aguirre v. Automotive Teamsters, 633 F.2d 168, 174 (9th Cir. 1980).

For these reasons MPLC's motion to dismiss will be denied.

DATED this _____ day of December, 1985.

_____
JUDGE ALFRED LAURETA