725 P.2d 1108

**Alan Wayne GOCKLEY, Petitioner,**

v.

**ARIZONA DEPARTMENT OF CORRECTIONS and Three (3) Unnamed Disciplinary Committee Members, Respondents.**

No. M–86–0005.

Supreme Court of Arizona,
En Banc.

Sept. 15, 1986.

Alan Wayne Gockley, in pro. per.

Robert K. Corbin, Atty. Gen. by Kimberly A. O'Connor, Asst. Atty. Gen., Phoenix, for respondents.

HAYS, Justice.

Petitioner Alan W. Gockley ("Gockley") brings this special action to challenge an order of the Arizona Department of Corrections Disciplinary Committee ("Disciplinary Committee"). Gockley is a prisoner in the custody of the Arizona Department of Corrections and is confined at the Arizona State Prison. We accepted jurisdiction pursuant to Ariz. Const. art. 6, § (5)(1) and Rule 8, Ariz.R.P.Sp.Act., 17A A.R.S.

In May 1982, Gockley was found guilty of escape, a disciplinary violation. Based on this finding, the Disciplinary Committee recommended that $1500 restitution be or-

dered pursuant to A.R.S. § 31–254(F).[1] Gockley claims that the imposition of restitution, based on expenses incurred in apprehending an escaped prisoner, was in excess of the Disciplinary Committee's authority. We need not, however, reach Gockley's claim as we find it is not properly before this court.

In Arizona, "special actions" are the extraordinary remedy proceedings previously termed certiorari, mandamus or prohibition. *See* Rule 1, Ariz.R.P.Sp.Act. 17A A.R.S. ("Rule ___"); *see also Large v. Superior Court*, 148 Ariz. 229, 231 n. 1, 714 P.2d 399, 401 n. 1 (1986). The decision to accept jurisdiction of a special action petition is highly discretionary with the court in which the petition is filed. *See* Rule 3, State Bar Committee note; *King v. Superior Court*, 138 Ariz. 147, 149, 673 P.2d 787, 789 (1983). Jurisdiction is generally accepted in those cases where "justice cannot be satisfactorily obtained by other means." *King v. Superior Court*, 138 Ariz. at 149, 673 P.2d at 789. Where, however, there is an "equally plain, speedy and adequate remedy by appeal," courts are reluctant to hear the matter. Rule 1; *King v. Superior Court*, 138 Ariz. at 149, 673 P.2d at 789.

Depending on the nature of the claim, a petition for special action may be filed in the superior court, appeals court or supreme court. In determining which court is appropriate, several factors should be considered. Included among these factors are the posture of the case, and any relevant constitutional provisions, statutes or legal precedents. *See generally* State Bar of Arizona, Arizona Appellate Handbook ch. 7 (1983 and Supp. 1986).

In some cases, it is possible that more than one court will have jurisdiction to entertain a petition for special action. In such cases, the choice of forum must be resolved. *Id.* at § 7.3.3. For example, under Ariz. Const. art. 6, § 5(1), the supreme court has original jurisdiction to entertain special actions directed toward state offi-

cials. This original jurisdiction is not exclusive, but rather is concurrent with that of the superior court. *Arizona Corp. Comm'n v. Superior Court*, 107 Ariz. 24, 25–26, 480 P.2d 988, 989–90 (1971). Merely because two courts have concurrent jurisdiction, however, does not necessarily mean that it is appropriate to initiate a special action in the supreme court. Rule 7(a) provides that if a petition for special action is filed in any appellate court, and it could lawfully have been initiated in a lower court, the petition shall "set forth the circumstances which in the opinion of the petitioner render it proper that the petition should be brought in the particular appellate court to which it is presented." In other words, the petition for special action should set forth reasons why the action is brought in the forum court rather than in a lower court having concurrent jurisdiction. *See* Arizona Appellate Handbook, *supra* at § 7.7.3. With these rules in mind, we turn to the facts before us.

Gockley initially filed his petition for special action in the supreme court. In the petition, he challenges an administrative decision of the Department of Corrections Disciplinary Committee. Under A.R.S. § 12–905, jurisdiction to review that decision is vested in the superior court. Additionally, since the action is directed at a state official, the supreme court also has jurisdiction under Ariz. Const. art. 6, § 5.

In his petition, Gockley alleges that a lower court will not grant review without payment of a filing fee and, as a pauper, he cannot satisfy that requirement. It appears from the record, however, that Gockley never even attempted to file in superior court. Rather, he merely concludes that as he cannot pay the required filing fee, the "appropriate" court will not hear the matter. We believe that such a broad and unsupported allegation is insufficient to meet the requirements of Rule 7(a). By not attempting to file his petition in superior court, Gockley precluded that court from possibly accepting jurisdiction and hearing

---

1. Renumbered § 31–254(H). *See* Laws 1978, Ch. 164, § 11, eff. Oct. 1, 1978; Laws 1980, Ch. 117, § 8; Laws 1984, Ch. 188, § 42; Laws 1985, Ch. 265, § 1.

his case on the merits. *See Tahtinen v. Superior Court*, 130 Ariz. 513, 637 P.2d 723 (1981) (§ 12–311 filing fees represent costs incurred by the state regardless of litigant's financial status, are not excessive, and time for payment may be extended for a reasonable time), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1021, 71 L.Ed.2d 308 (1982); *see also Graham v. Salazar*, 135 Ariz. 334, 661 P.2d 184 (1983) (filing fees not required in certain cases upon a showing of indigency). Moreover, by filing directly in this court, Gockley deprives himself of the opportunity to create a fully-developed factual record in the superior court. Failure to develop this record could be detrimental in a later appeal.

Accordingly, we find that the petition for special action, challenging an order of the Disciplinary Committee, should properly have been initiated in the superior court. If, at some later time the superior court renders a decision in the matter, Rule 8 provides for a review by appeal. If, however, at that time there is no "equally plain, speedy, and adequate remedy" by appeal, a review by special action to an appellate court is then permitted. Rule 8.

We write this opinion to urge that *in propria persona* claimants, as well as attorneys, carefully consider the Rules of Procedure for Special Actions when determining the appropriate court in which to file. Adherence to the rules is mandated not only by the constraints on judicial time and resources, but also by the well-reasoned policy of limiting appellate review to final judgments. An exception to this policy, in the form of appellate court special actions, should be reserved for those extraordinary actions necessitating speedy relief. This is not such a case.

The Petition for Special Action is dismissed.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.