NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

BRIAN L. FINKEL, *Plaintiff/Appellant*,

*v.*

ARIZONA STATE BOARD OF NURSING, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0481
FILED 5-20-2021

Appeal from the Superior Court in Maricopa County
No. LC2020-000129-001
The Honorable Timothy J. Thomason, Judge

**AFFIRMED**

APPEARANCES

Brian L. Finkel, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Elizabeth A. Campbell
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1            Brian Finkel appeals the superior court's dismissal of his "motion" for special action.  Finding no abuse of discretion, we affirm.

## BACKGROUND

¶2            Finkel is an inmate at the Arizona State Prison.  In 2016, he fractured his leg and received medical care in the prison infirmary.  He then filed complaints with the Arizona State Board of Nursing ("ASBN") against two nurse practitioners involved in his medical care at the prison: the first against Paul Denehy in early 2017 and the second against Deborah McGarry in September 2019.  Several weeks later, ASBN declined to investigate the complaint against McGarry.

¶3            Finkel filed his motion for special action in the superior court in April 2020.  He mainly requested that the court order ASBN, by mandamus, to "complete" the investigations of his two complaints.  Finkel also sought procedural orders regarding ASBN's investigation.  ASBN completed its investigation of Denehy and offered him a consent agreement for a decree of censure in May, which he signed several weeks later.  In its subsequent motion to dismiss, ASBN asserted it had discretion to decide whether to investigate a complaint, and if initiated, to determine when an investigation is complete.  ASBN also argued Finkel did not have standing to challenge the outcome of its investigations.

¶4            The superior court found that mandamus was not suitable for either of Finkel's complaints against the nurse practitioners.  Relating to McGarry, the court explained that ASBN could not be compelled to investigate the complaint against her.  And as to Denehy, the court noted that ASBN had already considered the complaint and closed the matter under the consent agreement.  The court added it would not "second guess" ASBN's resolution of the Denehy complaint.  Concluding that Finkel had presented no factual basis for any form of special action relief, the court

declined to accept special action jurisdiction and dismissed his motion. Finkel then appealed.

## DISCUSSION

**¶5** When the superior court has declined to accept special action jurisdiction, appellate review is limited to whether the lower court abused its discretion. *Bilagody v. Thorneycroft*, 125 Ariz. 88, 92 (App. 1979). Even if the court does not specify the reasons it declined to accept jurisdiction, we will uphold the lower court decision "for any valid reason disclosed by the record." *Armstrong v. City Ct. of Scottsdale*, 118 Ariz. 593, 593–94 (App. 1978).

**¶6** Arizona law gives ASBN discretion to decide whether to investigate a complaint and discipline its licensees. *See* A.R.S. § 32-1606(C) (stating that ASBN (1) "*may* conduct an investigation on receipt of information that indicates that a person or regulated party may have violated [the nursing statutes or rules]," and (2) "*may* take disciplinary action" upon finding a violation) (emphasis added).

**¶7** Special actions are requests for extraordinary relief, or what formerly were called writs of mandamus, prohibition, or certiorari. *Gockley v. Ariz. Dep't of Corr.*, 151 Ariz. 74, 75 (1986). A party may raise only the following questions in a special action:

> (a) Whether the defendant has failed to exercise discretion which he has a duty to exercise; or to perform a duty required by law as to which he has no discretion; or

> (b) Whether the defendant has proceeded or is threatening to proceed without or in excess of jurisdiction or legal authority; or

> (c) Whether a determination was arbitrary and capricious or an abuse of discretion.

Ariz. R.P. Spec. Act. 3. Finkel's motion requested relief under the first question as a request for a writ of mandamus. Although Finkel also made statements claiming that ASBN acted in "excess of jurisdiction" and "abuse[d its] discretion," the superior court correctly noted he lacked standing to bring those claims, both of which fall under the other two provisions of Rule 3. Mandamus was the only relief possibly appropriate for his claims:

> Mandamus is an extraordinary remedy issued by a court to compel a public officer to perform an act which the law specifically imposes as a duty. It proceeds upon the assumption that the applicant has an immediate and complete legal right to the performance of an act which the law specifically enjoins as a duty arising out of an office. It does not lie if the public officer is not specifically required by law to perform the act.

*Bd. of Educ. of Scottsdale High Sch. Dist. No. 212 v. Scottsdale Educ. Ass'n*, 109 Ariz. 342, 344 (1973) (citations omitted). Furthermore,

> [t]he general rule is that if the action of a public officer is discretionary that discretion may not be controlled by mandamus. This rule, however, is qualified by the provision that if it clearly appears that the officer has acted arbitrarily and unjustly and in the abuse of discretion, the action may still be brought.

*Collins v. Krucker*, 56 Ariz. 6, 13 (1940); *see also Sears v. Hull*, 192 Ariz. 65, 68, ¶ 11 (1998). Thus, ASBN's investigatory discretion cannot be abused or used arbitrarily. If that happens, a special mandamus action may be appropriate.

**¶8**        Here, nothing in the record supports Finkel's claim that the superior court abused its discretion in denying his request for special action relief. On the only claim he had standing to raise, Finkel received the relief he requested: ASBN completed its review and investigation of his complaints. In addition, he failed to make any showing that ASBN acted arbitrarily or unjustly. Thus, the court properly concluded there was no basis for accepting special action jurisdiction.

**CONCLUSION**

¶9          We affirm the superior court's order dismissing Finkel's motion for special action.



AMY M. WOOD • Clerk of the Court
FILED:      AA