460 P.2d 189

Marilyn Joan QUINTERO, et al., Appellants,

v.

CONTINENTAL RENT–A–CAR SYSTEM, INC., et al., Appellees.

No. 9696–PR.

Supreme Court of Arizona.
In Banc.

Oct. 30, 1969.

**136**

Harold Goldman and Charles H. Ripps, Phoenix, for appellants.

Rawlins, Ellis, Burrus & Kiewit, Phoenix, for appellee.

UDALL, Chief Justice.

This case is before us on a petition by both parties to review a decision of the Court of Appeals reversing a summary judgment of the Superior Court in favor of defendants. The Court of Appeals' opinion appears in 9 Ariz.App. 488, 453 P. 2d 999.

Decision of Court of Appeals vacated. Judgment of Superior Court affirmed.

The allegations of the complaint, interpreted most favorably to the plaintiff, indicate that the defendants were doing business as Continental Rent-a-Car; that on July 16, 1963 they negligently and recklessly rented a car to plaintiff's husband knowing that at that time he was "unable to properly or legally drive a motor vehicle" because he was intoxicated and his driver's license had been revoked; that "as the direct and proximate result of the Defendants' negligence and recklessness in leasing and entrusting said automobile to Walter H. Walk, as aforesaid, *the deceased drove said automobile on a public highway * * * in a reckless and negligent manner, causing a collision of said automobile and resulting in his death.*" (Italics ours.) Plaintiff, his widow, brought this action on behalf of his children to obtain damages for loss of their father's care, love, earnings, and support. After filing an answer, Continental moved for summary judgment which, in our opinion was properly granted.

The parties have competently and extensively briefed such subjects as negligent entrustment, contributory negligence, and imputed negligence. In our view of the case, these issues need not be considered because the complaint itself, in the language which we have italicized above, clearly sets out facts which compel the conclusion that Walk's negligent and reckless driving was the proximate cause of his death, so that had he survived the accident he could not have maintained an action against Continental for his injuries.

Once we accept this premise, it follows that the complaint must be dismissed, because actions for personal injuries caused by another's negligence do not survive in Arizona. Some states permit survival of such actions, but in this state the legislature has substituted a different remedy—namely a new action by which the widow may sue, on behalf of herself and the surviving children. The statute, however, permits the suit to be brought only if the defendant's negligence is "such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof." A.R.S. 12–611 et seq.

The decision of the Court of Appeals is vacated and the judgment of the Superior Court is affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.