James SMITH et ux., Appellants,

v.

Ola SMITH and Horace Rowe, Appellees.

No. 8034.

Court of Civil Appeals of Texas, Texarkana.

Nov. 2, 1971.

Rehearing Denied Nov. 30, 1971.

Cahill Hitt, Hitt & Pesek, Texarkana, for appellants.

James Haltom, Wheeler, Watkins, Hubbard, Patton & Peek, Norman Russell, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellees.

RAY, Justice.

Appellants (plaintiffs) brought suit in the District Court of Bowie County to recover damages sustained in an automobile collision which occurred on the night of November 23, 1968, in the City of Texarkana, Texas. The evidence disclosed that appellant, James Smith, had his wife, Racine Smith, and his children in his automobile and was traveling west on Seventh Street immediately prior to the accident. Appellant's vehicle was about three or four car lengths behind the automobile driven by appellee (defendant) Horace Rowe. Rowe stopped his automobile at the corner of West Seventh Street and Elm Street for a red light, and when the light changed, Rowe started off at a fast rate of speed. Appellee Rowe's automobile started sliding sideways and subsequently stopped in the middle of the two westbound lanes of traffic on Seventh Street. West Seventh Street is a four-lane street, running east and west with two lanes of traffic going in either direction. Appellee Rowe's automobile was traveling on the inside lane of traffic and appellant's automobile was

traveling in the same direction in the outside lane of traffic towards the curb. When appellant James Smith saw appellee Horace Rowe's automobile skidding, he applied his brakes and brought his automobile to a stop, in his lane of traffic, and about one car length away from the Rowe automobile. Within a matter of seconds, appellee (defendant) Ola Smith struck appellant's automobile in the rear, causing appellant Racine Smith, wife of James Smith, to suffer personal injuries.

The case was tried to a jury conclusion and the jury found that appellees Ola Smith and Horace Rowe were guilty of negligence and their negligence was a proximate cause of the collision. The jury also found appellant James Smith guilty of contributory negligence for failing to leave the roadway, but awarded appellant Racine Smith the sum of Fifteen Thousand Six Hundred ($15,600.00) Dollars as damages sustained by her in the collision.

Appellants filed a motion for new trial, requesting the trial court to set aside the jury findings of contributory negligence against appellant James Smith. The motion for new trial was overruled and the appellants have appealed to this Court on sixteen points of error.

Appellants complain about the court's submission of Special Issues 31, 32, 36, 37 and 38, and state that these issues were submitted to the jury over the objection of appellants; that no evidence, or alternatively, insufficient evidence, was introduced to sustain the findings of the jury on these issues; that appellant had no duty to remove his automobile from the street prior to the collision; and that appellant Racine Smith's motion for judgment in the amount of $7,600.00 should have been granted on the basis that the negligence of her husband James Smith should not be imputed to the wife, since the damages to her individually were her separate property.

The jury found that the failure of appellant James Smith to drive his automobile to the right of the Rowe automobile, which was blocking the two lanes of traffic, was negligence and was a proximate cause of the collision. In answer to Special Issues 36, 37 and 38, the jury found that James Smith permitted his automobile to remain in the street in the lane of traffic for westbound automobiles, and that such was negligence and a proximate cause of the collision. The primary issues in this case resolve themselves down to two, which are as follows:

1) Did appellant James Smith have a duty to do something other than stop his automobile to avoid colliding with Rowe's car that was blocking the street ahead of him?

2) Could appellant Racine Smith collect a portion of her damages if her husband was contributorily negligent?

■ This Court decided on September 28, 1971, in Kirkpatrick v. Hurst, Tex.Civ. App., 472 S.W.2d 295 that when the special issue on damages is submitted in such a fashion as to distinguish between those portions of the damages which are community property and those portions which are separate property, the injured party may recover for his or her separate property. This Court followed the holding of the Corpus Christi Court of Civil Appeals in Franco v. Graham, 470 S.W.2d 429 (Tex. Civ.App. Corpus Christi, 1971), which stated that the wife could recover for injuries to her body even though the husband was contributorily negligent. It is our understanding that the Franco case, supra, presently has an application for writ of error pending in the Texas Supreme Court. The substance of our opinion in the Kirkpatrick case, supra, was that a recovery for injuries to the body of the wife constituted her separate property under Art. XVI, Sec. 15, and Art. I, Sec. 13, of the Texas Constitution, Vernon's Ann.St., and that Art. 4615, Vernon's Ann.Civ.St., as amended by the 60th Legislature, and the Texas Family Code, Sec. 5.01, V.T.C.A., were both constitutional when applied to recoveries for

injuries to the body of a spouse, uncommingled with a damage issue including community property. There we stated:

"After an exhaustive review of the many cases concerning whether the damages to the wife's body are community property or separate property, we are persuaded that this segment of the damages is her separate property, because the recovery is not an acquisition of additional assets in the form of damages, but rather a replacement for the loss of a part of the individual spouse's body brought into the marriage."

We further stated:

"It is the holding of this Court that damages recovered for injuries to the body of each spouse shall be the separate property of the injured spouse, which shall include physical pain and mental anguish, both past and future; and all other physical and mental losses, impairment or diminution, both past and future, other than loss of earning capacity, loss of consortium, and recovery for medical expenses."

While we do not spell it out specifically, the earning capacity that is community property is that earning capacity that is lost during the marriage, and earning capacity lost before marriage is the wife's separate property, as well as her earning capacity after the marriage is dissolved. See Weatherford v. Elizondo, 52 F.R.D. 122 (Dist.St. Sou. Dist. of Texas, 1971). There can be no question but what appellant Racine Smith is entitled to recover at least the Forty-Six Hundred ($4,600.00) Dollars which the jury awarded to her in the following respects in answer to Special Issue No. 22:

"(1) Physical pain suffered by Racine Smith since the date of the accident to date of trial, $3,000.00;

\*    \*    \*    \*    \*    \*

"(3) Mental anguish suffered by Racine Smith since the date of the acci-

dent until the date of trial, $1,500.-00;

"(4) Physical pain which Racine Smith, in reasonable medical probability will suffer in the future beyond the date of the trial, $100.00."

▬▬   We hold that the husband's contributory negligence, when established, is not imputable to the wife so as to defeat her recovery for her separate property. We further hold that injuries to the body of either the husband or wife to be his or her separate property and that Art. 4615, as amended by the 60th Legislature, and Sec. 5.01(a) (3) of the Texas Family Code as enacted by the 61st Legislature are both constitutional as they apply to the recovery of damages to the body of each spouse. It is our conclusion that such recoveries would have always been declared to be constitutional if they had been properly segregated in the submission of special issues to the jury. The old method (prior to the publication of "Texas Pattern Jury Charges" in 1969) ordinarily submitted the damage issue in such a manner as to commingle community damages and separate damages in the same issue, so that the jury's award for personal injuries included separate property and community property in such a fashion that the two were not distinguishable and the award was therefore unconstitutional.

The only other question in this case is whether appellant James Smith had a duty to drive his automobile to the right of the Rowe vehicle or to remove his automobile from the main traveled portion of the street to avoid being hit by appellee Ola Smith. We conclude that the facts in this case did not justify the submission of Special Issues 31, 32, 36, 37 and 38 to the jury in its charge and that, after the jury rendered its verdict, the Trial Court should have disregarded the findings of the jury on these issues and entered judgment for appellant Racine Smith in the total amount of $15,600.00. The evidence shows that the automobile driven by appellant James

Smith was hit so quickly after he had stopped that he could not have moved his car in such a manner so as to avoid being hit by appellee Ola Smith. The record reveals that mathematically the appellant did not have time to move his vehicle out of the street before being hit. Appellee Ola Smith testified that she was going approximately 20 miles per hour just prior to the collision and that she applied her brakes when she was approximately two car lengths away from appellants' vehicle, and that her car started sliding and she couldn't stop. The jury found in answer to Special Issue No. 7 that Ola Smith was following too closely and that such was a proximate cause of the collision. Further, the jury found that the collision was not the result of an unavoidable accident. Appellants testified that they thought they were struck five to fifteen seconds after they had stopped, but the testimony of appellee Ola Smith shows that she was traveling 29.33 feet per second (20 miles per hour), and that she was approximately 40 feet (two car lengths) behind appellant Smith's vehicle when he stopped. This would mean that in less than two seconds Ola Smith had struck the appellants' automobile after she said she saw James Smith's brake lights.

Appellant James Smith had a duty to do his best to avoid a collision with the Horace Rowe car that had turned sideways in front of him. Under the circumstances of this case, he had no duty to anticipate that his vehicle would be struck from the rear by the vehicle driven by Ola Smith. We believe that Flores v. Anaya, 348 S.W.2d 410 (Tex.Civ.App. Austin 1961, writ ref'd, n.r.e.) is controlling. In that case, suit was brought to recover damages as a result of the Anaya car being struck in the rear by the vehicle being driven by Flores. It had rained on the day of the collision and the highway was wet and slick. Both cars were traveling south in the outside lane. Lola Anaya was driving, and as she approached the end of a bridge she was crossing she saw that the traffic in her lane was stopped near but beyond the south end of the bridge. She gradually reduced the speed of her car until she stopped some seven feet, more or less, behind the car in front of her. The car immediately in front of her was the Tallant car. The rear wheels of Lola's car were on the bridge. The left lane of the two lanes going south was clear. There were two lanes going north, but these lanes were separated from the southbound lanes by an esplanade 20-feet wide. No cars were in the left southbound lane that were visible, and the only known car approaching from the rear was the Flores car, which Lola did not see prior to the collision. Flores was driving within the speed limit and observed Lola's car in the righthand lane as he approached the 450–500 foot bridge, but did not realize it had stopped until too late to avoid the collision. Flores applied his brakes and turned his car to the left. The car skidded about thirty feet, its right front fender hitting the left rear fender of Lola's car. Her car was knocked forward, striking the Tallant car.

The area surrounding the site of the collision was open country; that is, it was not a well-developed business or residential area.

"The jury, among other findings, found that Lola 'failed to drive her automobile off the right hand side of the paved portion of the highway before stopping' and that she 'failed to drive her automobile off the left hand side of the paved portion of the highway before stopping,' but that neither of these acts constituted negligence."

Appellant contended that Lola could have switched lanes, from right lane to left lane, and driven on down the road.

The court stated:

"There is no statute which requires a driver to change lanes. Sec. 60, Art. 6701d, provides, in part, that when a roadway has been divided into clearly marked lanes, as here, 'the driver of a vehicle shall drive, as nearly as practical, entirely within a single lane and shall

not be moved from such lane until the driver has * * * ascertained that such movement can be made with safety.' "

The court further stated:

"Since Lola did not desire to change lanes, there was no occasion for her to determine whether such change could have been made with safety. What Lola would have observed had she undertaken to determine if she could change lanes with safety is not clear; however, there is evidence from which could be reasonably inferred that she would have observed appellant's approach, and in such proximity as to deter her. Lola did nothing but what she had a right to do. She slowly stopped her car in her own lane, a stop which was 'necessary to avoid conflict with other traffic,' the Tallant car.

"It is our opinion that Lola, in stopping as she did, acted legally, prudently and without being under any duty, legal or moral, to switch lanes and dash by a standing vehicle. It follows that she was not negligent in stopping, and that the Trial Court was correct in disregarding Issues 33 and 34."

We have concluded that the evidence in this case is insufficient to support the submission of Special Issues 31, 32, 36, 37 and 38 because there was no showing that appellant had time to do anything other than what he did; that is, stop his automobile in his own lane in sufficient time to avoid striking the Rowe vehicle. The evidence is conclusive that appellant Smith was struck almost simultaneously with the stopping of his vehicle. Under the facts and circumstances of this case, the only thing appellant Smith had time to do was to try to stop his vehicle as promptly as possible to avoid the Rowe automobile, and he did not have time to drive his car to the right of the automobile driven by Horace Rowe.

■ There may be cases in which the trial court would be justified in submitting an issue inquiring into whether or not it

was negligence for a driver to leave his car standing in the street, but this case is not such. The evidence and testimony were insufficient to require the Court to submit Issues 36, 37 and 38 to the jury. The testimony is so clear that appellant James Smith was struck almost instantly after he stopped, that he had no time to move his vehicle even if he had wanted to move it. We therefore hold that under the circumstances of this case appellant James Smith was not required to move his vehicle out of the street because the evidence is insufficient to show that he had time to do so. It is doubtful in our minds that he had a legal duty to move his vehicle at all in view of the holding of Flores v. Anaya, supra. We know of no statute which would require appellant to do anything other than what he did. It follows from what we have said that James Smith was not negligent in stopping as he did, and that the Trial Court erred in failing to disregard the jury's findings to Special Issues 31, 32, 36, 37 and 38. Appellants are entitled to recover their judgment in the sum of $15,600.00.

The judgment of the Trial Court is reversed and rendered.