501 P.2d 417

Esther **HUEBNER**, as Administratrix of the Estate of Ella Mae Deuchle, Appellant,

v.

Erwin K. **DEUCHLE**, Appellee.

No. 2 CA–CIV 1122.

Court of Appeals of Arizona, Division 2.

Sept. 26, 1972.

Rehearing Denied Nov. 6, 1972.

Review Granted Dec. 12, 1972.

D'Antonio & Videen, by Garven W. Videen, Tucson, for appellant.

Estes, Browning & Zlaket, by Thomas A. Zlaket, Tucson, for appellee.

HOWARD, Judge.

The appellant, administratrix of the estate of Ella Mae Deuchle, is the plaintiff in a wrongful death action against several named defendants including appellee, surviving spouse of the decedent. The action arose out of a collision between the vehicle operated by the husband in which the decedent was a passenger and another vehicle operated by defendant Kern and owned by defendant Pfeifer.

Deuchle moved to dismiss the complaint as to him on the ground that it failed to state a claim for relief. His position was that the wrongful death action was barred since the decedent-wife could not have maintained such action against him during her lifetime. In other words, the doctrine of interspousal tort immunity would have barred a suit against the husband for personal injury and furthermore, since the husband was a statutory beneficiary, the action was not maintainable as being contrary to the public policy of this state.[1]

A.R.S. § 12–611 provides in pertinent part:

> "When death of a person is caused by wrongful act, neglect or default, and *the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof,* then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, . . ." (Emphasis added)

The trial court apparently agreed with Deuchle's position that the proper construction of this statute mandated a conclusion that, as to him, the wrongful death action was barred and an order of dismissal was entered. This appeal followed.

Before addressing ourselves to the merits of this appeal, we believe it appropriate to briefly comment on the procedural posture of the proceedings below. Although the plaintiff's complaint was inartfully drafted and did not indicate on whose behalf the plaintiff was bringing suit, neither it nor the responsive pleading of Deuchle indicates the existence of a marital relationship between Deuchle and the decedent. Therefore the trial court must have considered the factual assertions set forth in memoranda filed by the parties, thus treating the motion to dismiss as one for summary judgment. However, the record also reflects the existence of four surviving children of the decedent on whose behalf a wrongful death action is permitted. A.R.S. § 12–612; Lueck v. Superior Court, County of Cochise, 105 Ariz. 583, 469 P.2d 68 (1970). Since, as we shall now discuss, suit against the defendant spouse was not barred as a matter of law, summary judgment in his favor was not proper.

## IS THE DOCTRINE OF INTERSPOUSAL TORT IMMUNITY APPLICABLE?

This question is one of first impression in Arizona. There is a dichotomy of viewpoint in other jurisdictions whose statutory counterpart of our A.R.S. § 12–611 is couched in similar language, *i.e.* that "the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages." Some courts take the view that since the decedent, because of interspousal tort immunity, could not have maintained an action for personal injuries had death not ensued, a wrongful death action likewise cannot be maintained. *See e.g.* Saunders v. Hill, 202 A.2d 807 (Del. 1964); Wright v. Daniels, 164 N.W.2d 180 (Iowa 1969); Levlock v. Spanos, 101 N.H. 22, 131 A.2d 319 (1957); Glucksman v.

---

1. A third argument as to imputation of the husband's negligence to the decedent was also postulated, but on appeal Deuchle concedes that this could not be decided as a matter of law.

Strelecki, 102 N.J.Super. 53, 245 A.2d 228 (1968); Forgy v. Schwartz, 262 N.C. 185, 136 S.E.2d 668 (1964); Castellucci v. Castellucci, 96 R.I. 34, 188 A.2d 467 (1963); Adams v. Grogg, 153 W.Va. 55, 166 S.E.2d 755 (1969).

Other jurisdictions adopt a contrary view. *See e.g.,* Jones v. Pledger, 124 U.S. App.D.C. 254, 363 F.2d 986 (1966); Russell v. Cox, 65 Idaho 534, 148 P.2d 221 (1944); Nudd v. Matsoukas, 7 Ill.2d 608, 131 N.E.2d 525 (1956); In re Estate of Pickens, Ind., 23 Ind.Dec. 263, 263 N.E.2d 151 (1970); Mosier v. Carney, 376 Mich. 532, 138 N.W.2d 343 (1965); Shumway v. Nelson, 259 Minn. 319, 107 N.W.2d 531 (1961); Deposit Guaranty Bank & Trust Co. v. Nelson, 212 Miss. 335, 54 So.2d 476 (1951); Rodney v. Staman, 371 Pa. 1, 89 A.2d 313 (1952).

We find the *ratio decidendi* of the latter line of authority more persuasive. It is true that Arizona has adhered to the common law position that interspousal tort suits are not permitted. Schwartz v. Schwartz, 103 Ariz. 562, 447 P.2d 254 (1968). However, in the recent decision of Windauer v. O'Connor, 107 Ariz. 267, 485 P.2d 1157 (1971), our Supreme Court held that one spouse may, after a divorce from the offending spouse, sue to recover damages for an intentional tort. The court therein stated:

"However, an intentional tort inflicted by one spouse on another so clearly destroys the concept of unity that the basis for the doctrine is lost." 107 Ariz. at 268, 485 P.2d at 1158.

█ A right of action for wrongful death is purely statutory, Lueck v. Superior Court, County of Cochise, supra, and a new cause of action for the benefit of the beneficiaries named in the statutes is thereby created. Rogers v. Smith Kline & French Laboratories, 5 Ariz.App. 553, 429 P.2d 4 (1967). Such action is an original and distinct claim for damages sustained by the statutory beneficiaries and is not derivative of or a continuation of a claim existing in the decedent. Barragan v. Superior Court of Pima County, 12 Ariz.App. 402, 470 P.2d 722 (1970).

█ We must keep in mind that the wrongful death act is a remedial statute and therefore should be liberally construed by us. Its purpose was to remedy unconscionable results reached in litigation under the common law whereby it was financially less burdensome to tort-feasors to kill than merely to maim their victims. A wrongful death action is not brought for the benefit of the decedent. It therefore follows that any personal immunities which might have existed between the decedent and the tort-feasor solely by reason of their marital relationship should not logically be included within the scope of the conditional clause of A.R.S. § 12–611. In other words, this clause refers to the facts and circumstances giving rise to the cause of action, as well as any facts or circumstances pertaining to any permissible defenses such as contributory negligence,[2] rather than to the person by whom the action could be maintained.

This conclusion is strengthened by the fact that upon the death of one spouse the rationale of the marital-immunity doctrine loses whatever force it might otherwise have had. Where the marriage has been terminated by death any danger of domestic discord arising from the enforcement of the action has terminated. We do not believe that we should ascribe to the legislature an intent to extend the interspousal tort immunity doctrine to situations where its existence is without any reasonable justification. Concededly an action for wrongful death has some derivative characteristics. *Quintero,* supra. However, since the statute creates a right for those who suffer a pecuniary loss from the decedent's wrongful death, it is apparent that

---

2. In the case of Quintero v. Continental Rent-A-Car-System, Inc., 105 Ariz. 135, 460 P.2d 189 (1969), the decedent's contributory negligence barred recovery.

This, however, was not a personal defense but rather one which invaded the operative facts in such a manner as to defeat an otherwise good claim.

the action derives from the tortious act and not from the person of the deceased. Were we to hold that the conditional phrase was intended to include the defense of interspousal immunity, we would defeat the very purpose of the statute by denying recovery to those suffering loss. The record here reflects that the decedent left four children surviving. We hold, therefore, that this action by the decedent's administratrix is not vulnerable to dismissal by reason of the interspousal tort immunity doctrine.

## IS THE ACTION BARRED WHEN A STATUTORY BENEFICIARY IS NEGLIGENT?

A.R.S. § 12–612 provides in part:

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

&ast; &ast; &ast; &ast; &ast; &ast;

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A and in the proportions provided by law for distribution of personal estate left by persons dying intestate."

A.R.S. § 12–613 sets forth the measure of damages:

"In an action for wrongful death, the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, and also having regard to the mitigating or aggravating circumstances attending the wrongful act, neglect or default. . . ."

According to A.R.S. § 12–612, the personal representative[3] of the decedent is a proper party plaintiff to maintain a wrongful death action on behalf of the surviving spouse and children of the decedent. The sole question is—should a right of action for wrongful death by innocent beneficiaries be barred because of the negligence of one beneficiary?

An annotation on the subject is found in 95 A.L.R.2d 585, et seq. In § 3, the authors state:

"It now appears to be the universal rule that where a tortfeasor who has been solely or concurrently responsible for a death is one of the class of statutory beneficiaries, and there are also innocent beneficiaries, the fact that the former must for reasons of public policy be barred from any recovery due to his wrongful act is not a ground for denying a right of action for wrongful death to the innocent beneficiaries."

In the case of Nudd v. Matsoukas, supra, the court stated that it regarded the public policy of the state to require no more than that the person guilty of contributing to his own injury should not recover, and that neither the wrongful death statutes nor logic required or suggested that innocent beneficiaries should be deprived of their proportionate share of the judgment obtained pursuant to legislative enactment. Other cases permitting maintenance of a wrongful death action, notwithstanding one of the several beneficiaries is the tortfeasor, are: Walden v. Coleman, 217 Ga. 599, 124 S.E.2d 265 (1962); Bays v. Cox' Admr., 312 Ky. 827, 229 S.W.2d 737 (1950); O'Connor v. Benson Coal Co., 301 Mass. 145, 16 N.E.2d 636 (1938); Deposit Guaranty Bank & Trust Co. v. Nelson, supra.

Although A.R.S. § 12–612, subsec. C provides for distribution of the wrongful death recovery to the statutory beneficiaries in the proportions provided by law for distribution of an intestate's personal

---

3. The personal representative is merely a statutory agent or trustee acting in favor of the class designated in the statute, with no benefits flowing to the estate of the deceased. In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966); Gray v. Goodson, 61 Wash.2d 319, 378 P.2d 413 (1963).

estate, we have held that such provision is controlling only when the action is brought for the benefit of the estate. Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965).

We hold, therefore, that the mere fact that the defendant-husband might ultimately be found by the trier of fact to be solely or concurrently responsible for the death of his wife does not preclude maintenance of the wrongful death action. In so holding, we are not unmindful of the Arizona Supreme Court decision in the case of Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401 (1921) wherein the court held that parental negligence was a good defense in a suit for the death of their child where the parents were the sole beneficiaries. The court, however, recognized that innocent beneficiaries would not be precluded, stating:

"We are clearly of the opinion that imputed negligence should not be allowed to defeat an action for the benefit of the

child, nor one in behalf of its estate *where there are beneficiaries other than those whose negligence contributed to its death.* The reasons for this rule, however, fail where the action, though nominally for the benefit of the estate, is in reality in the interests of the beneficiary thereunder, whose negligence contributed to the accident resulting in the death, and to deny the defense of imputed negligence where this is true would be equivalent to permitting one to profit by his own wrong." (Emphasis added) 23 Ariz. at 196–197, 202 P. at 406.

*See also*: Michie v. Calhoun, 85 Ariz. 270, 336 P.2d 370 (1959); Annot. 2 A.L.R.2d 785 et seq.

For the reasons herein stated, the order of dismissal is vacated and the trial court is directed to reinstate the complaint as to defendant Deuchle.[4]

KRUCKER, C. J., and HATHAWAY, J., concur.

4. At this juncture of the case, the only question before us is whether or not this action could be maintained. We are not called upon to determine the appropriate procedural approach as to the ascertainment of damages recoverable. Restatement (Second) of Torts § 493, comment *a* at 553, suggests two appropriate alternatives: (1) The amount which the negligent beneficiary would have received is deducted from the amount recoverable by the survivors as a group, the rest being distributed among the survivors as though the negligent beneficiary did not exist; and (2) where the gravity of the defendant's fault determines the amount recoverable, the negligent beneficiary is eliminated from the group which is to share in the recovery and the amount is divided among the innocent beneficiaries as though the negligent beneficiary did not exist.

The annotation in 2 A.L.R.2d 785, 801, suggests either instructing the jury to re- turn a verdict for the shares of the innocent beneficiaries, or if a verdict for the full amount is instructed and returned, to reduce the judgment by the amount of the negligent beneficiary's share.

The Ninth Circuit Court of Appeals in the case of Southern Pacific Company v. Day, 48 F.2d 958 (1930) indicated that the jury could be required to confine its finding of damage to the injuries sustained by the innocent beneficiaries. On the other hand, the New Hampshire Supreme Court in the case of Humphreys v. Ash, 90 N.H. 223, 6 A.2d 436 (1939) stated that, for the purpose of avoiding possible confusion and prejudice, it would be better to submit the case for a verdict of full recovery and then deduct the distributive share of the negligent beneficiary before giving judgment for the balance of the recovery.