521 P.2d 636

Shirley LOMBARDO, Petitioner,

v.

Elaine S. POLLOCK, as Guardian of the Estate of Lawrence D. Lombardo, a minor, and Hon. Richard N. Roylston, as Judge of the Superior Court In and For the County of Pima, Arizona, Respondents.

No. 2 CA–CIV 1612.

Court of Appeals of Arizona, Division 2.

April 17, 1974.

Rehearing Denied May 22, 1974.

Review Denied June 11, 1974.

Miller, Pitt & Feldman, P. C., by Stanley G. Feldman, Tucson, for petitioner.

Browning, Druke & Hawkins, by Carol Wilson Druke, Tucson, for respondent guardian.

## OPINION

HOWARD, Judge.

A superior court order distributing the proceeds of a wrongful death settlement is the subject of this special action. We are of the opinion that, despite the existence of a remedy by appeal, our obligation "to see that essential justice is done" warrants intervention by way of special action. See Caruso v. Superior Court, 100 Ariz. 167, 412 P.2d 463 (1966).

The undisputed facts are as follows. Petitioner is the surviving spouse of Lawrence Lombardo who died on February 19, 1969. Lawrence D. Lombardo, a minor, is the only surviving child. Decedent was a resident of and was domiciled in the State of California, as were his spouse and child. At the time of his death, he was an employee of the Greyhound Bus Line but was present in the State of Arizona for the sole purpose of receiving medical treatment at the Southern Pacific Memorial Hospital, having been referred there from the Southern Pacific Employees' Clinic in Los Angeles.

After her husband's death, petitioner (on behalf of herself and the minor child) filed a wrongful death action against Southern Pacific Memorial Hospital, Inc., and a Tucson doctor, alleging negligence on the part of the defendants. The action was scheduled for trial in June, 1972, and on the day before trial petitioner entered into a settlement agreement with the defendants whereby the defendants agreed to pay $215,000 in settlement of all claims of all persons entitled to share in the recovery of damages for the death of Mr. Lombardo. Pursuant to court instructions and approval, petitioner accepted the $215,000 in full settlement of all claims and a hearing was conducted relative to distribution of said sum. (Respondent Pollock was appointed guardian of the estate of the minor.) Petitioner requested that the damages be distributed in accordance with the actual loss sustained by each of the beneficiaries entitled to share in the damage settlement and that the court determine and divide the settlement proceeds in accordance with such actual loss.

Evidence was presented to the court as to the actual loss sustained by each benefi-

ciary and at the conclusion of the hearing, the court found that the minor beneficiary was damaged in the sum of $64,500 and the damages to the surviving spouse were $150,500. The court, however, concluded that under A.R.S. § 12–612(C) the settlement proceeds should be distributed in accordance with the law of intestate succession of California, the decedent's domicile. Since under California law the personal estate of a person dying intestate is distributed one-half to the surviving spouse and one-half to the surviving child, the court ordered petitioner to distribute $107,500 to herself and $107,500 to the minor's guardian.

Petitioner contends that since under the California statute a wrongful death recovery is not distributable according to the laws of intestate succession but rather according to the pecuniary loss of each beneficiary, see Changaris v. Marvel, 231 Cal. App.2d 308, 41 Cal.Rptr. 774 (1964); In re Riccomi's Estate, 185 Cal. 458, 197 P. 97 (1921), the subject distribution should also have been apportioned according to the respective losses of the beneficiaries which the lower court found to be 70%–30%.

■ Although we agree with the petitioner as to the recovery ratio, we find no reason to look to the California wrongful death statute to determine distribution of the wrongful death proceeds[1] because there is no conflict between the result we reach and the result if the California statute were applied.

■ It is the general rule that damages recovered for wrongful death, whether by action, settlement or compromise, are to be distributed, apportioned, or disposed of in accordance with the provisions of the law of the state under whose statute the right

1. In support of her position, petitioner relies on § 175 of the Restatement of the Law, Second, Conflicts of Laws:

"In an action for a wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has the more significant relationship under the principles

stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

Section 177 provides:

"The more selected by application of the rule of § 175 determines how the recovery in an action for wrongful death shall be distributed."

to recovery accrued, i. e. ordinarily the law of the place where the death-causing injury occurred, as distinguished from the law of the decedent's domicile. Cherokee Laboratories, Inc. v. Rogers, 398 P.2d 520 (Okl.1965); see Annot. 92 A.L.R.2d 1129.

A.R.S. § 12–613 provides the measure of damages in an action for wrongful death: " . . . the jury shall give such damages as it deems fair and just with reference to the injury resulting from the death to the surviving parties who may be entitled to recover, . . . " This statute also protects the recovery from creditors' claims unless the wrongful death action is brought on behalf of the decedent's estate.

A.R.S. § 12–612 as it read at the time of decedent's death, provides in pertinent part:

"A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

\* \* \* \* \* \*

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A and in the proportions provided by law for distribution of personal estate left by persons dying intestate."

In Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965), rehearing denied 2 Ariz. App. 348, 409 P.2d 64 (1966)[2], we indicated that the provision regarding distribution according to the laws of intestacy is controlling only when the action is brought for the benefit of the estate. We stated:

" . . . It seems to this court it may very well be argued that there is an obvious inconsistency between the new provisions for the assessment of damages [A.R.S. § 12–613] and the old provisions for the distribution of damages and that the 1956 Act implicitly amended the old

provisions for distribution in the case when designated beneficiaries survive." 2 Ariz.App. at 194, 407 P.2d at 133.

Arizona's first wrongful death statute was enacted in 1887, Rev.Stat.Ariz. §§ 2145–2155, essentially following the format of Lord Campbell's Act. To recover, it was necessary to allege and prove the existence of survivors and the amount of injuries sustained by them. Southern Pacific Company v. Wilson, 10 Ariz. 162, 85 P. 401 (1906). The Revised Statutes of 1901, Rev.Stat.Ariz.Civ.Code §§ 2764–2767, substantially changed the nature of the earlier Act. An action was created for the benefit of the decedent's estate, and the damages recoverable were distributed as assets of the estate according to the laws of intestacy. Southern Pacific Company v. Wilson, supra. The 1901 Act was subsequently adopted with minor modifications in 1913, 1928, and 1939. In 1956, the Act was changed and provided a right of recovery for the decedent's surviving spouse, children or parents, and if none survived, recovery on behalf of the decedent's estate. Although it provided for assessment of damages according to the loss sustained by the statutory beneficiaries, the old provision for distribution which was adopted in 1901 when the action was for the benefit of the decedent's estate, remained.

In interpreting statutes and parts of statutes consistency is of prime importance—courts must harmonize and reconcile laws and adopt the construction which will achieve this. The intent of the legislature in A.R.S. § 12–613 was to give the parties injured fair and just damages resulting from the wrongful death, as evidenced by the provision that such recovery shall not be subject to the debts or liabilities of the deceased unless the action is brought on behalf of the decedent's estate. We therefore hold that A.R.S. § 12–612(C) applies only when the action is brought on behalf of the estate. This is a commonsense interpretation of legislative intent and harmonizes § 12–612(C) (1956) with §

2. Review was denied by the Arizona Supreme Court February 16, 1966.

12–613, which provides that the damages to the injured parties "shall be fair and just . . . to the surviving parties who may be entitled to recovery." Otherwise, there could be parties who were not injured receiving damages when they sustained no pecuniary loss. As was stated at 14 A.L.R. ·p. 522:

"  .  .  . If the purpose of the statute that the damages shall be assessed in view of the pecuniary loss to the individuals is taken into consideration, it would seem that the reference to the statutes of distribution as the mode of determining the apportionment of the verdict should be construed as being merely for the purpose of ascertaining the classes of persons who may be entitled to participate, and the manner of distribution when not influenced by any consideration of pecuniary loss to particular beneficiaries, and not as intending absolutely to control with regard to the amount each of the distributees shall receive when considered in connection with the pecuniary loss suffered by them.  .  .  ."

We find nothing in Lueck v. Superior Court, County of Cochise, 105 Ariz. 583, 469 P.2d 68 (1970) which mandates a contrary holding.[3] In *Lueck,* the sole issue was whether parents of a decedent could recover when there also survived a wife and children. The Court relied on language from the case of In Re Venneman's Estate, 286 Mich. 368, 282 N.W. 180 (1938) to the effect that the wisdom of a statute is not a matter for judicial consideration but is wholly within the control of the legislature. The Court then held that since parents would take nothing by intestate succession if a wife and children survive, parents had no right to recover in a wrongful death action.

In 1973, the legislature amended A.R.S. § 12–612(C) to expressly state what we herein hold:

"C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A in proportion to their damages, and if recovery is on behalf of the decedent's estate the amount shall be an asset of the estate."

It is not inappropriate for this court to look to subsequent changes of the law in support of its own views of the prior act. General Petroleum Corporation of California v. Smith, 62 Ariz. 239, 157 P.2d 356 (1945); Neil B. McGuinnis Equipment Company v. Henson, 2 Ariz.App. 59, 406 P.2d 409 (1965). As stated in the case of City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964):

"  .  .  . The legislature has now clearly expressed its intention consistent with the construction which we believe should be placed on the former statutes. An amendment which, in effect, construes and clarifies a prior statute will be accepted as the legislative declaration of the original act. [citation omitted]" 96 Ariz. at 297, 394 P.2d at 414.

We hold, therefore, that the $215,000 is to be distributed to the petitioner and the minor child in proportion to their damages, i. e. 70% to petitioner and 30% to the guardian of the estate of the minor child.

The subject order of distribution is vacated with directions to enter an appropriate order not inconsistent herewith.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

3. We recognize that there are statements in *Lueck* which are contrary to our holding in the case at bench, such statements are merely obiter dicta and not binding precedent. Hernandez v. County of Yuma, 91 Ariz. 35, 369 P.2d 271 (1962).