522 P.2d 555

**Joseph B. DeLOZIER, M.D., Appellant and Cross-Appellee,**

v.

**James L. SMITH, Appellee and Cross-Appellant.**

**No. 1 CA–CIV 2487.**

Court of Appeals of Arizona, Division 1.

May 14, 1974.

Rehearing Granted July 25, 1974.

See 524 P.2d 970.

Burch, Cracchiolo, Levie, Guyer & Weyl by Barry A. MacBan and K. C. Weyl, Phoenix, for appellant and cross-appellee.

Andrews, Marenda & Moseley, P. A. by William S. Andrews, Phoenix, for appellee and cross-appellant.

KRUCKER, Judge.

This appeal arises from a wrongful death action instituted pursuant to A.R.S. § 12–611 et seq.,[1] by appellee (plaintiff below), James L. Smith, the surviving husband of the decedent, Georgia Mae Smith. He brought the action in his own behalf and on behalf of his *five surviving minor children*. Mr. Smith sought to recover damages resulting from the death of his wife, which he alleged to have been caused by the malpractice of Dr. Joseph B. De-Lozier, appellant and defendant below. Nicholls Pharmacy was also included as a defendant, but is not a party to this appeal.

Defendant DeLozier answered the complaint denying negligence and pleading contributory negligence on the part of plaintiff Smith. Defendant's answer also alleged that the decedent's death was either intentional or due to her own negligence.

At the conclusion of the trial, the court instructed the jury as follows:

"I have now given you the law and defined the various terms used in these instructions as to liability. You are to make the following determinations:

1) You will determine whether either or both defendant DeLozier or Nicholls was negligent, and whether such negligence was a proximate cause of decedent's death. If you find that defendant Nicholls was not negligent or that defendant Nicholls' negligence was not a proximate cause of decedent's death, then you must return a verdict for de-fendant Nicholls. If you find that defendant DeLozier was not negligent or that defendant DeLozier's negligence was not a proximate cause of decedent's death, then you must return a verdict for defendant DeLozier. If you find the decedent committed suicide and it was not reasonably foreseeable to the defendants, then you must find for the defendants.

2) If you find that either defendant was negligent, that such negligence was a proximate cause of decedent's death, then you must determine whether or not plaintiff or decedent was negligent and whether such negligence was a proximate cause of decedent's death. If you find that plaintiff was negligent and that his negligence was a proximate cause of decedent's death, then your verdict should be for the defendants with respect to recovery by plaintiff on his own behalf. If you find the decedent was negligent and that her negligence was a proximate cause of her death, then your verdict should be for the defendants. If you determine each of these issues in favor of the plaintiff, then you must find for the plaintiff on the issue of liability."

The verdict form had seven possible conclusions and read as follows:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find 1. For Plaintiff and decedent's children and against Defed-ants [sic] in the sum of $_____. ( )

2. For Defendants and against Plaintiff and decedent's children. ( )

3. For Plaintiff and decedent's children and against Defendant DeLozier in the sum of $_____, and in favor of Defendant Nicholls. ( )

4. For Plaintiff and decedent's children and against Defendant Nicholls in the sum of $_____, and in favor of Defendant DeLozier. ( )

1. A.R.S. § 12–612 was amended effective January 1, 1974. Any reference to that section will be in accordance with the law as it existed prior to the amendment.

5. For Decedent's children and against Defendants in the sum of $_____, and for Defendants against Plaintiff James Smith. ( )

6. For Decedent's children and against Defendant Nicholls in the sum of $_____, and in favor of Defendant DeLozier v. Plaintiff James Smith and decedent's children and for Defendant Nicholls v. Plaintiff James Smith. ( )

7. For Decedent's children and against Defendant DeLozier in the sum of $_____, and for Defendant DeLozier v. Plaintiff James Smith and in favor of Defendant Nicholls v. Plaintiff James Smith and Decedent's children. ( )

The jury's verdict was in accordance with finding No. 7 above in the sum of $20,000.-00. Judgment in favor of the *five surviving minor children* was entered thereon and this appeal follows.

Appellant submits the following questions for review:

"1. If death had not ensued, would the decedent, Georgia Mae Smith, have been entitled to maintain an action against defendants DeLozier to recover damages for her personal injuries allegedly sustained? If not, can plaintiff maintain an action for wrongful death against defendants DeLozier under A.R.S. § 12–611?

2. Did the trial court err in refusing to charge the jury with defendants DeLozier's Requested Instruction No. 1? If yes, should a new trial be granted?"

Appellant's first argument may be summarized as follows. Implicit in the jury's verdict is a finding that the plaintiff, decedent's husband, was contributorily negligent. In Arizona, the contributory negligence of one spouse is imputed to the other spouse, thereby barring any recovery for damages sustained by the other. Therefore, appellant maintains that had the decedent Georgia Mae Smith survived, she would have been precluded from maintaining an action against him. Hence, all of the statutory beneficiaries, including the five surviving children, have no cause of action under A.R.S. § 12–611. We disagree.

In view of the court's instructions and verdict form, we agree that implicit in the verdict is a finding by the jury that plaintiff Smith was contributorily negligent. We also agree that since the contributory negligence of one spouse is imputed to the other spouse, recovery for damages sustained by the other is barred. However, we cannot concur with the rest of appellant's logic. To do so would require us to hold that a court look in retrospect, after a case has been tried and a jury verdict returned, to determine whether or not an action under A.R.S. § 12–611 could have been maintained in the first instance. Such is not the law.

Appellant's argument makes no distinction between *maintaining* an action and *recovering* in a properly instituted action. A.R.S. § 12–611 speaks in terms of maintaining an action:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to *maintain an action to recover damages* in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter." (Emphasis added)

In Arizona, a community property state, in order that a guilty party may not profit from his own wrong, the negligence of one spouse is imputed to the other. Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970); Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659 (1956). Although negligence is imputed, the defense of contributory negligence does not defeat a plaintiff's recovery unless the jury says it

does. Heimke v. Munoz, supra. Furthermore, a court cannot instruct the jury as to what its verdict must be. Layton v. Rocha, 90 Ariz. 369, 368 P.2d 444 (1962).

Since contributory negligence is a question of fact for the jury, it cannot be determined until after the case has been tried. When the jury finds in favor of a defendant on the issue of contributory negligence, there is just no recovery for the plaintiff. Surely, no one would contend that a plaintiff who was denied recovery because of contributory negligence had no right to maintain the action in the first instance.

■ There is a distinction between maintaining an action under A.R.S. § 12–611 and recovering damages. In the instant case, had the decedent lived she could have maintained an action for damages. However, she might have been denied recovery due to the imputed negligence of her husband. Appellant has cited no authority, nor do we know of any, preventing *maintenance* of a wrongful death action because the jury found the surviving spouse's negligence contributed to the death of the other. To determine whether or not an action can be maintained under A.R.S. § 12–611, a court must look to the pleadings—not the jury verdict. *See,* Huebner v. Deuchle, 109 Ariz. 549, 514 P. 2d 470 (1973); Quintero v. Continental Rent-A-Car-System, Inc., 105 Ariz. 135, 460 P.2d 189 (1969). Appellant, however, contends that Quintero v. Continental Rent-A-Car-System, Inc., supra, supports his position. In *Quintero,* our Supreme Court affirmed a summary judgment in favor of the defendant in a wrongful death case. Based on the allegations of the complaint, the court found that the action could not have been maintained by the decedent husband had he survived. The complaint itself established that the proximate cause of the decedent's death was his own negligence, not that of the defendant. Such is not the case here.

■ Having found that the decedent, Georgia Mae Smith, could have maintained an action for damages had she survived, we must now decide whether or not the five surviving minor children, who are *innocent beneficiaries*, can recover even though the surviving husband was contributorily negligent.

■ Pursuant to A.R.S. § 12–612, this action was brought by and in the name of the surviving husband in his own behalf and on behalf of the surviving children.[2] Since the husband was contributorily negligent, he was denied recovery under A.R.S. § 12–613. However, the jury awarded the five innocent children $20,000.00. As noted earlier, appellant contends that the children should be denied recovery because the husband's negligence is imputed to his wife barring maintenance of the action. We disagree.

We discussed this issue in our opinion in Huebner v. Deuchle, 18 Ariz.App. 241, 501 P.2d 417 (1972), vacated on other grounds in 109 Ariz. 549, 514 P.2d 470 (1973). In the *Huebner* decision, our Supreme Court held that because the doctrine of interspousal tort immunity would have barred an action by Ella Mae Deuchle against her husband for her injuries during her lifetime, an action could not be maintained against her husband for her wrongful death under A.R.S. § 12–611. The court did not rule on the issue before this court, i. e., whether or not in a wrongful death action innocent surviving beneficiaries can recover in a properly instituted action wherein the surviving spouse was contributorily negligent.

This subject is the topic of an excellent article in 2 A.L.R.2d 785, Annot.—Death Action—Beneficiary's Negligence. As noted in § 5 of the annotation:

"[T]he great majority of the courts hold that the contributory negligence of one or more of the beneficiaries named by the wrongful death statute will not defeat a cause of action for death so as to

---

2. Under A.R.S. § 12–612, the surviving husband was the only person who could have brought this action on behalf of the children.

bar all recovery if some of the beneficiaries named and entitled to share in the recovery were not guilty of negligence contributing to the decedent's death. * * * The view generally prevailing in these cases has been that in the absence of special circumstances, the negligence of one beneficiary will not be imputed to an innocent beneficiary so as to bar the entire right of action." 2 A.L. R.2d at 799.

The special circumstances mentioned above are discussed in § 6 of the annotation. In the cases cited therein, there exists a certain legal relationship between the beneficiary guilty of contributory negligence and the innocent beneficiary, the negligence of the guilty being imputed to the innocent thereby barring recovery. The cases illustrating special circumstances barring recovery by an innocent beneficiary occur in the following situations: (1) negligence of one spouse imputed to the other spouse in an action by the innocent spouse for child's death, and (2) negligence of one spouse imputed to the other spouse in an action by innocent spouse for death of negligent spouse. An example of the first situation may be found in Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401 (1921), wherein our Supreme Court held that parental negligence was a good defense in a suit for the death of their child where the parents were sole beneficiaries.

■ In the instant case there are no special circumstances which should bar recovery by appellee's five innocent children. In Arizona, a parent's negligence may not be imputed to an innocent child in an action for personal injuries. Zelman v. Stauder, 11 Ariz.App. 547, 466 P.2d 766 (1970). As stated in Zelman, supra:

"[T]he law has hermetically sealed these minor plaintiffs from any contributory negligence or any imputed negligence of third persons which might defeat their recovery." 11 Ariz.App. at 549, 466 P.2d at 768.

In Town of Flagstaff v. Gomez, supra, our Supreme Court recognized that innocent beneficiaries should not be precluded from recovering by virtue of imputed negligence, stating:

"We are clearly of the opinion that imputed negligence should not be allowed to defeat an action for the benefit of the child, nor one in behalf of its estate *where there are beneficiaries other than those whose negligence contributed to its death*. The reasons for this rule, however, fail where the action, though nominally for the benefit of the estate, is in reality in the interests of the beneficiary thereunder, whose negligence contributed to the accident resulting in the death, and to deny the defense of imputed negligence where this is true would be equivalent to permitting one to profit by his own wrong." (Emphasis added) 23 Ariz. at 196–197, 202 P. at 406.

■■ Negligence is imputed so that a wrongdoer may not profit from his own wrong. Where a negligent beneficiary is the sole beneficiary, or where negligence is imputed, one should not be allowed to recover in a wrongful death action. But, where as here, one beneficiary is negligent which is not imputed to the innocent minor beneficiaries, why should they be denied recovery? We know of no reason to deny them recovery for their damages.

The argument could be made that if the children are allowed to recover, the negligent beneficiary (here the surviving husband) would still profit from his own wrong because the sum awarded as damages would be distributed by interstate succession. *See*, A.R.S. § 12–612(C). We find no merit in this argument in light of this court's opinions in Salinas v. Kahn, 2 Ariz.App. 181, 407 P.2d 120 (1965), rehearing denied, 2 Ariz.App. 348, 409 P.2d 64 (1966),[3] and Lombardo v. Pollock, 21 Ariz.App. 537, 521 P.2d 636 (filed April 17, 1974).

In Salinas v. Kahn, supra, we indicated the provision regarding distribution ac-

3. Review was denied by the Arizona Supreme Court February 16, 1966.

cording to the laws of intestacy is controlling only when the action is brought for the benefit of the estate. In *Lombardo,* supra, we held that A.R.S. § 12–612(C) applies only when the action is brought on behalf of the estate. If we apply that construction of A.R.S. § 12–612(C) in the instant case, the negligent surviving spouse is unable to benefit from his own wrong.

We therefore hold that in a wrongful death action, the negligence of a surviving parent does not bar recovery by innocent surviving children beneficiaries.

In view of our holding, we need not consider appellant's contention that the trial court erred in refusing his requested instruction to the effect that the action could not be maintained due to the surviving husband's negligence.

Appellee also filed a cross-appeal challenging the trial court's refusal to give two of his requested instructions. Since we have ruled in his favor, his cross-appeal is moot.

Judgment affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).