524 P.2d 970

Joseph B. DeLOZIER, M.D., Appellant and Cross-Appellee,

v.

James L. SMITH, Appellee and Cross-Appellant.

No. 1 CA–CIV 2487.

Court of Appeals of Arizona, Division 1.

July 25, 1974.

Review Denied Nov. 26, 1974.

Burch, Cracchiolo, Levie, Guyer & Weyl by Barry A. MacBan and K. C. Weyl, Phoenix, for appellant and cross-appellee.

Andrews, Marenda & Moseley, P. A., by William S. Andrews, Phoenix, for appellee and cross-appellant.

## OPINION

KRUCKER, Judge.

We rendered our decision in this case affirming a judgment in favor of five minor children in a wrongful death action for the death of their mother instituted by the father on behalf of himself and said children. (21 Ariz.App. 599, 522 P.2d 555, filed May 14, 1974.) Since we are of the opinion that appellant's motion for rehearing is well-taken and that our original decision was erroneous, the motion for rehearing is granted and we conclude that the judgment must be reversed.

A brief reiteration of the facts is as follows. Appellee, surviving spouse of the decedent, Georgia Mae Smith, brought this action for himself and five minor children. He sought recovery of damages for the alleged wrongful death of the decedent occasioned by appellant's malpractice and the negligence of a pharmacy. (The pharmacy was exonerated from liability and is not a party to this appeal.) Appellant's responsive pleading denied negligence and affirmatively pleaded contributory negligence on the part of appellee and/or the decedent; also, that decedent's death resulted from her intentional act.

The jury was instructed that if it found appellant was not negligent or that his negligence was not a proximate cause of the decedent's death, it was required to return a verdict for appellant. Also, that if the jury found the decedent committed suicide and it was not reasonably foreseeable to appellant, then it must likewise find for him. Another instruction was:

"If you find that either defendant was negligent, that such negligence was a proximate cause of decedent's death, then you must determine whether or not plaintiff [Mr. Smith] or decedent was negligent and whether such negligence was a proximate cause of decedent's death. *If you find that plaintiff was negligent and that his negligence was a proximate cause of decedent's death, then your verdict should be for the defendant with respect to recovery by plaintiff on his own behalf.* If you find the decedent was negligent and that her negligence was a proximate cause of her death, then your verdict should be for the defendant. If you determine each of these issues in favor of the plaintiff, then you must find for the plaintiff on the issue of liability." (Emphasis added)

The following instruction was requested by appellant but refused by the trial court:

"If you find that either Plaintiff, or decedent or both of them, was negligent and that such negligence was a proximate cause of the death of the decedent, then your verdict should be in favor of the Defendants."

Thus we see that appellant's theory was that the negligence of the decedent or the surviving spouse barred recovery by all the statutory beneficiaries. Appellee's theory, on the other hand, was that such negligence would constitute a bar only to appellant's right to recover on his own behalf but not to the children's right to recover. In other words, appellant's position was "all or nothing" whereas appellee's position was "all or some".

The verdict form submitted to the jury contained seven alternative verdicts, which would be responsive to the court's instruction. It read as follows:

"We, the Jury, duly empaneled and sworn in the above entitled action, upon our oaths, do find 1. For Plaintiff and decedent's children and against Defedants [sic] in the sum of $————————. ( )

2. For Defendants and against Plaintiff and decedent's children. ( )

3. For Plaintiff and decedent's children and against Defendant DeLozier in the sum of $————————, and in favor of Defendant Nicholls. ( )

4. For Plaintiff and decedent's children and against Defendant Nicholls in the sum of $————————, and in favor of Defendant DeLozier. ( )

5. For Decedent's children and against Defendants in the sum of $————————, and for Defendants against Plaintiff James Smith. ( )

6. For Decedent's children and against Defendant Nicholls in the sum of $————————, and in favor of Defendant DeLozier v. Plaintiff James Smith and decedent's children and for Defendant Nicholls v. Plaintiff James Smith. ( )

7. For Decedent's children and against Defendant DeLozier in the sum of ————————, and for Defendant DeLozier v. Plaintiff James Smith and in favor of Defendant Nicholls v. Plaintiff James Smith and Decedent's children."

The jury selected Alternative No. 7 and inserted the sum of $20,000.00. Appellant contends, and we agree, that the jury apparently concluded that Mr. Smith was negligent and therefore, in accordance with the court's instructions, found against him but in favor of the children against appellant. In other words, having followed the instructions, the jury had to have concluded that appellant was negligent, the decedent non-negligent, and that appellee was negligent; also, that a proximate cause of the decedent's death was appellant's negligence and appellee's negligence. No claim is made on appeal that these findings of negligence are unsupported by the evidence, hence we presume the existence of such evidentiary support.

Appellant's position, in the trial court and on appeal, is that appellee's negligence, as found by the jury, operated to defeat the action. A.R.S. § 12–611 provides:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death was caused under such circumstances as amount in law to murder in the first or second degree or manslaughter."

Thus we see that the dispositive question is whether the decedent, had she lived, could have maintained an action for personal injuries if her husband's negligence had contributed thereto. In Arizona, damages for personal injuries to either spouse are community property. Heimke v. Munoz, 106 Ariz. 26, 470 P.2d 107 (1970).[1] Consequently, the negligence of

1. In Washington and Idaho it is likewise community property. Foster v. Williams, 4 Wash.App. 659, 484 P.2d 438 (1971); Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964). In Louisiana, damages for personal injury to the wife are her separate property whereas a husband's damages are community property. Chambers v. Chambers, La.App., 238 So.2d 30 (1970), reversed on other grounds, 259 La. 246, 249 So.2d 896 (1971). In other jurisdictions, damages for personal injuries are the separate property of the injured spouse. In re Marriage of Pinto, 28 Cal.App.3d 86, 104 Cal.Rptr. 371 (1972); Smith v. Smith, 473 S.W.2d 299 (Tex.Civ.App.1971), error ref. n. r. e. (Tex.) 478 S.W.2d 81 (1972);

one spouse is imputed to the other so as to prevent a guilty party from profiting from his own wrong. *Heimke,* supra; Tinker v. Hobbs, 80 Ariz. 166, 294 P.2d 659 (1956). In the case of Quintero v. Continental Rent-A-Car System, Inc., 105 Ariz. 135, 460 P.2d 189 (1969), our Supreme Court held that the decedent's contributory negligence barred recovery by his children of damages for his wrongful death. The court pointed out, in discussing A.R.S. § 12–611, supra:

> "The statutes, however, permits the suit to be brought only if the defendant's negligence is 'such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof' [Citation omitted]." 105 Ariz. at 136, 460 P.2d at 190.

In Huebner v. Deuchle, 109 Ariz. 549, 514 P.2d 470 (1973), the court held that since the doctrine of interspousal tort immunity barred an action by a wife against her husband for her injuries during her lifetime, a wrongful death action could not be maintained against her husband. This decision vacated the opinion of this court in the same case (18 Ariz.App. 241, 501 P.2d 417 (1972)). In the *Huebner* case, just as here, there were surviving children. We, however, did recognize that the proviso of A.R.S. § 12–611, referred "to the facts and circumstances giving rise to the cause of action, as well as any facts or circumstances pertaining to any permissible defenses such as contributory negligence." (18 Ariz.App. at 243, 501 P.2d at 419.)

We agree that the issue of appellee's negligence was for the jury to resolve. In denying recovery to him, it decided he was negligent. There is no question but that if Mrs. Smith had survived, imputation to her of appellee's contributory negligence would have precluded recovery by her. Such being the case, recovery for her death by all the statutory beneficiaries is barred. Ostheller v. Spokane & I. E. R. Co., 107 Wash. 678, 182 P. 630 (1919); Dallas Railway & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735 (1937); Sprouse v. Magee, 46 Idaho 622, 269 P. 993 (1928).[2]

It is true that parental negligence is not imputed to a child. Zelman v. Stauder, 11 Ariz.App. 547, 466 P.2d 766 (1970); Town of Flagstaff v. Gomez, 23 Ariz. 184, 202 P. 401 (1921). Such principle has no application here since the language of A.R.S. § 12–611 is clear and explicit—the wrongful death action can be maintained only if the decedent could have maintained a suit for personal injuries if death had not ensued. Harsh though this result may seem, the legislature has spoken in clear, unambiguous language which the courts must follow.

Appellee has filed a cross appeal challenging the court's refusal to give certain requested instructions regarding the defense of contributory negligence. A cross appeal, however, is inappropriate since appellee prevailed—under such circumstances the appropriate mechanism for raising a question on appeal is by cross-assignment of error. Aegerter v. Duncan, 7 Ariz.App. 239, 437 P.2d 991 (1968). No

Roberson v. U Bar Ranch, Inc., 303 F.Supp. 730 (D.C.N.M.1968) (applying New Mexico law).

2. The Supreme Court of Idaho, in Clark v. Foster, 87 Idaho 134, 391 P.2d 853 (1964), declined to over-rule Sprouse v. Magee, supra. The court carefully distinguished the factual situation from that in Sprouse v. Magee. In *Clark,* suit was brought on behalf of the minor children for their own personal injuries and for the wrongful deaths of their parents. The father was killed instantly in a motor vehicle collision and the mother died shortly thereafter. The Idaho Supreme Court held

that the contributory negligence of the father did not bar the children from recovering for the wrongful death of their mother since the need to "impute" the negligence from the father to the mother vanished with the death of the father. The court pointed out that if the mother had survived the accident, she would not have been barred by the defense of contributory negligence on the part of the father in an action to recover for her own injuries because any proceeds she might recover could not possibly inure to the benefit of the father; they would be her separate property as the community ceased to exist upon the death of the father.

useful purpose would be served by setting forth in *ipsis verbis* the text of the requested instructions. Suffice it to say that the tendered instructions were couched in the Heimke v. Munoz language to the effect that the jury has the right to determine not only the facts but to apply or not, as it sees fit, the law of contributory negligence as a defense. 106 Ariz. at 28, 470 P.2d 107. We recently rejected a similar contention in Purchase v. Mardian Construction Co., Inc., 21 Ariz.App. 435, 520 P.2d 529 (1974), wherein we stated:

> "The Heinke v. Munoz, supra, language requested by appellant, is no more than an explanation of the doctrine of contributory negligence in Arizona and was not intended to be the source of a mandatory instruction." 520 P.2d at 532-533.

■ The contributory negligence instructions given by the court complied with the Layton v. Rocha doctrine and counsel was free to argue to the jury that the word "should" as used in the instructions was permissive and meant that they could allow the plaintiff to recover or not recover as they saw fit, in their sole discretion.

Since appellee's contributory negligence, as found by the jury, would have barred a suit for personal injuries by the decedent had she survived, this wrongful death action was likewise barred. The judgment is reversed and the cause remanded with directions to enter judgment in favor of appellant.

HATHAWAY, C. J., and HOWARD, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).